The subsequent decisions of the court are all in line with Graham v. Henry, among which may be cited Ogden & Johnson v. Bosse, 86 Tex. 344, 24 S. W. 798; League v. State of Texas, 93 Tex. 559, 57 S. W. 34; Pope v. Kansas City, M. & O. Ry. Co. of Texas, 109 Tex. 322, 207 S. W. 514.

Various questions were raised in the Court of Civil Appeals such as those attacking fact findings and questioning admission of evidence, of which the jurisdiction of that court is final. These questions have not been considered in the Court of Civil Appeals.

It is ordered, without the necessity of granting the writ of error and hearing the case, that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for further proceedings in accordance with this opinion.

**ÆTNA CASUALTY & SURETY CO. v. RUSSELL et al.**

Motion No. 9027; 1150—5448.

Commission of Appeals of Texas, Section B. Dec. 20, 1930.

For former opinion, see 24 S.W.(2d) 385.
See, also, 14 S.W.(2d) 78.

SHORT, P. J.

The defendant in error's motion for a rehearing calls our attention to the fact that in the second sentence of the opinion, 24 S.W. (2d) 385, there is the mistake in using quotation marks purporting to copy the exact language in the contract, whereas we were only giving a statement of the contract. The quotation marks should not have been used at the place where they were, but should have commenced with the word "payment" in the last part of the statement and ending with the word "contract," this being the only part of the language used which purported to copy the exact wording of the contract.

There is another typographical error in the opinion not mentioned in the motion, whereas it is stated that, "in this connection the plaintiff in error testified," whereas it should have read, "the defendant in error testified." This error is apparent from the reading of the context, and it is not a material one, but should be corrected.

We have given careful attention to the motion of the defendant in error for rehearing and recommend that it be overruled.

**COOPER et al. v. UNITED STATES FIDELITY & GUARANTY CO.**

No. 1326—5432.

Commission of Appeals of Texas, Section A. Dec. 20, 1930.

For former opinion, see 29 S.W.(2d) 971.
See also 14 S.W.(2d) 342.

Samuel Schwartz, of Houston, for plaintiffs in error.

Hunt, Teagle & Moseley and Hunt & Hunt, all of Houston, for defendant in error.

CRITZ, J.

In the interest of brevity we refer to our original opinion reported in 29 S.W.(2d) 971 for a full statement of this case. We, however, make the following brief statement in

order that this opinion may be complete within itself:

On November 26, 1926, Mrs. Cooper was an employee of Southern Pacific Building Company of Houston, Tex. This company carried compensation insurance with United States Fidelity & Guaranty Company. Mrs. Cooper contends that on the above date and while an employee of the building company, she suffered certain injuries in the course of her employment, resulting in permanent loss of the use of her left wrist, and partial incapacity of her right knee. She filed a claim for compensation with the Industrial Accident Board within the time required by law. On February 11, 1927, the board acted for the first time on this claim and denied Mrs. Cooper any compensation. Mrs. Cooper gave no notice of dissatisfaction with the action of the board, and brought no suit in the district court to set aside the order of the board within the time prescribed by law. Later, on June 30, 1927, the matter was again brought before the board for review. We presume from the order of the board in acting upon this matter, the second time that it was then brought before the board by Mrs. Cooper. On such date, June 30, 1927, the board again refused compensation, and, as shown by its order, held that there was no showing of change of conditions, mistake, or fraud. Within 20 days after the rendition of the second order, again refusing compensation, Mrs. Cooper brought suit in the district court against the guaranty company for compensation under the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). In this suit Mrs. Cooper did not attempt to allege or prove any change of conditions, mistake, or fraud.

Under the above record, after a trial in the district court, Mrs. Cooper was awarded compensation. On appeal the Court of Civil Appeals reversed the judgment of the district court, and rendered judgment dismissing the case. 14 S.W.(2d) 342. This judgment was affirmed by the Supreme Court on recommendation of this section of the commission in the opinion above mentioned.

As we construe the opinion of the Court of Civil Appeals, that court holds that the district court was without jurisdiction because the accident board had no right to reopen the case without a showing of change of conditions, mistake or fraud. In our original opinion we did not pass upon this question, but held that section 12d of article 8306, R. C. S. of Texas, 1925, only applied to cases where the accident board had previously made an award allowing compensation, and that such statute has no application to cases in which the board has previously made an award refusing compensation.

On motion for rehearing by Mrs. Cooper, it is called to our attention that the above holding is in conflict with the holding of the commission in the case of Millers' Indemnity Underwriters v. Hayes, 240 S. W. 904. An examination of the opinion in the Hayes Case convinces us that our holding in the instant case is in conflict therewith; in fact, while the original opinion in this case was pending before the Supreme Court, and before they had adopted the judgment recommended therein, we had our attention called to the Hayes Case, and in turn, called the attention of the Supreme Court thereto. In this condition of the record we have consulted with the Supreme Court and they have informed us that they entered the judgment recommended by us in our original opinion in this case, with the opinion in the Hayes Case before them, and with the full realization at the time, that the holding in the instant case has the effect of overruling the Hayes Case. Also the Supreme Court have informed us that they are still of the opinion that the construction placed on section 12d of article 8306, supra, in our original opinion in this case is correct, and that the construction placed thereon in the Hayes Case is erroneous, and should be overruled. We therefore still adhere to the holding in our original opinion, and expressly overrule the holding in the Hayes Case.

Furthermore, even if we should adhere to the construction of section 12d of article 8306, supra, as announced in the Hayes Case, still Mrs. Cooper could not recover in this case, and the motion for rehearing should be overruled. As disclosed by the above statement, Mrs. Cooper did not attempt in the instant proceeding to allege or prove any change of conditions, mistake, or fraud, since the denial by the board of her first application. Under the plain terms of the statute, whenever irregularities or errors are made in an original award, they must be corrected by an appeal to the district court in the manner, and within the time prescribed by the statute. It is only where there has been a change in the physical condition of the claimant since the first award that the board may change or modify its original award. Independence Indemnity Co. v. White (Tex. Com. App.) 27 S.W.(2d) 529, and authorities there cited. The rule announced in the White Case, supra, is a complete bar to the right of recovery in the instant case.

We therefore recommend that the motion for rehearing filed herein by Mrs. Cooper be in all things overruled.