GODFREY SORENSON v. LA POMPADOUR, INC. AND ANOTHER.[1]

December 16, 1932.

No. 29,023.

*Cobb, Hoke, Benson, Krause & Faegre* and *J. G. Stirn,* for relators.
*A. E. Bryngelson,* for respondent.

PER CURIAM.
Certiorari to review an order of the industrial commission.

At the hearing in this court on November 10, 1932, a petition to remand the case to the industrial commission was presented and heard in connection with the hearing on the writ of certiorari.

Respondent, Godfrey Sorenson, was seriously burned about the face, upper chest, hands, and forearms on December 28, 1929. The burns were healed about the end of January, 1930, but respondent has since that time continued to suffer various ills and was, at the time of the hearing before the referee of the industrial commission on September 9, 1931, and November 14, 1931, suffering from what the physicians stated was a "combined degeneration of the spinal cord." Respondent's medical experts gave their opinion that this degeneration of the spinal cord was caused by the burns or was an after effect of the burns received on December 28, 1929. The relators, the employer and insurer, claimed that respondent had fully recovered from the burns prior to May 30, 1931, and that the degeneration of the spinal cord, from which he is suffering, was not caused by the burns.

At the hearing there was testimony that X-ray films taken of respondent's stomach and bowels were negative, and the medical experts gave their opinions based on the assumption that these films showed no diseased con-

[1]Reported in 246 N. W. 114.

dition of the stomach or bowels. It was so understood by all the parties. Cancer, as a cause of the present ailment, was eliminated because of the assumed negative showing of these films. Some of the medical experts conceded that cancer of the stomach or bowels might produce the present degeneration of the spinal cord, and their testimony was not disputed. The films were not produced at the hearing. In September, 1932, information came to the relators that the X-ray films, taken before the hearing in September and November, 1931, and films taken later, showed that respondent was suffering from carcinoma or cancer of the stomach. Investigations and examinations of the films were thereafter made and are claimed to have established the fact that such cancer existed and is the cause of respondent's ailment. This is the new evidence now sought to be obtained.

This presents an important and interesting question. We conclude that a rehearing should be had, and we remand the case to the industrial commission for rehearing. The commission may refer the case to the referee for such rehearing. The evidence now in the record will stand as part of the evidence before the commission and before this court, to be supplemented by such new evidence as the parties may present. As the respondent will incur additional expense for such rehearing, it is ordered that as a condition thereof the relators pay to the respondent or his attorney the sum of $75 to defray necessary expenses and fees. It is so ordered.

Case remanded.