## CLAERHOUT *v.* TROMLEY.

1. Frauds, Statute of—Leases for More Than One Year.
   The statute of frauds requires every contract leasing lands for a longer period than one year to be in writing unless some other note or memorandum be in writing and signed by the party by whom the lease is to be made (3 Comp. Laws 1929, § 13413).

2. Contracts—Parol Modification—Statute of Frauds.
   A written contract may be varied by a subsequent parol agreement unless forbidden by the statute of frauds.

3. Frauds, Statute of—Written Leases—Parol Testimony.
   In summary proceedings by lessor after expiration of three-year term of written lease of real estate which also contained clause "with privilege of 5 years' additional rent to be adjusted," exclusion of oral evidence that parties had agreed upon arbitration as a means to adjust rent for the additional five years *held,* proper as the further agreement, being a component part of a lease for more than one year would also have to be in writing (3 Comp. Laws 1929, § 13413).

Appeal from St. Clair; Robertson (William), J. Submitted October 15, 1937. (Docket No. 73, Calendar No. 39,650.) Decided December 29, 1937.

Summary proceedings before circuit court commissioner by Emil A. Claerhout and wife against Earl Tromley for the restitution of real property. Judgment for plaintiffs. Defendant appealed to circuit court. Judgment for plaintiffs. Defendant appeals. Affirmed.

*John W. Babcock* (*Walsh, Walsh & O'Sullivan,* of counsel), for plaintiffs.

*Ira F. Morgan,* for defendant.

SHARPE, J. September 28, 1933, Harry E. Snyder and wife executed a written lease to Earl Tromley covering certain real estate in St. Clair county for a term of three years *"with privilege of 5 years' additional rent to be adjusted."*

Subsequent to the making of this lease, the premises were sold to plaintiffs and rent was paid to plaintiffs until September 28, 1936, that being the period when the three years mentioned in the lease expired. Subsequent to this last mentioned date, plaintiffs brought suit before a circuit court commissioner for restitution of the premises.

Plaintiffs prevailed before the circuit court commissioner and defendant appealed to the circuit court. During the trial, defendant offered testimony the substance of which was that the original parties to the lease had agreed upon arbitration as a means to adjust the rent provided for in the lease for the additional five years. This offer of testimony was refused by the court upon the theory that there was no ambiguity in the terms of the lease. From a judg-

ment for plaintiffs, defendant appeals and contends that a modification of the terms of a written lease may be orally agreed upon at a time subsequent to the making of the lease.

Section 13413, 3 Comp. Laws 1929, provides that every contract leasing for a longer period than one year shall be void unless the contract or some other note or memorandum be in writing and signed by the party by whom the lease is to be made.

In *Abell* v. *Munson,* 18 Mich. 306 (100 Am. Dec. 165), a case involving a land contract, we said:

"The statute of frauds requires every contract for the sale of lands to be in writing, and signed by the party making the sale: 2 Comp. Laws 1857, § 3179. The rule prohibits any enforcement of parol contracts; and while written contracts, which would have been lawful if unwritten, may be modified by parol subsequently in many cases, yet this cannot be done where the law requires the agreement to be in writing."

See, also, *Cook* v. *Bell,* 18 Mich. 387.

In *Morley Bros., Inc.,* v. *F. R. Patterson Construction Co.,* 266 Mich. 52 (91 A. L. R. 1418), we there said:

"It is well-established that a written contract may be varied by a subsequent parol agreement unless forbidden by the statute of frauds."

See, also, *Reid* v. *Bradstreet Co.,* 256 Mich. 282.

It is conceded in the case at bar that the original lease was required to be in writing. 3 Comp. Laws 1929, § 13413; *Beller* v. *Robinson,* 50 Mich. 264; *Kezeli* v. *River Rouge Lodge No. 410, I. O. O. F.,* 195 Mich. 181.

There is nothing ambiguous about the words "to be adjusted." It means that there would have to be

a further agreement, which, being a component part of the lease, would have to be in writing. The trial judge was correct in excluding verbal testimony of an unexecuted change or modification in the terms of the written lease.

The judgment is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.