RAYMOND SODERQUIST v. McGOUGH BROTHERS AND ANOTHER.[1]

April 10, 1941.

No. 32,752.

[1]Reported in 297 N. W. 565.

*Leslie S. High,* for relator.
*Reynolds & McLeod,* for respondents.

LORING, JUSTICE.

*Certiorari* to the industrial commission to review its order of September 26, 1940, denying relator's petition for the vacation of the referee's award of October 3, 1938, and for a rehearing to determine the extent of permanent disability and traumatic neurosis.

October 21, 1937, relator was employed by respondent McGough Brothers, who were insured for workmen's compensation with the respondent Hardware Mutual Casualty Company. On that date relator suffered an accidental injury arising out of and in the course of his employment when the roof floor of a building on which he was working collapsed and he fell 76 feet to the ground floor. He suffered numerous bodily bruises and contusions, a fracture of the left scapula, fractures of the second and third vertabrae, and alleged permanent back injuries and associated mental fears classified as traumatic neurosis.

August 18, 1938, relator filed a petition with the industrial commission alleging permanent partial disability due to back injuries and nervous condition and sought an award of such compensation as is provided by the compensation act, admitting the receipt of $616 compensation benefits. The joint answer of the employer and insurer alleged that the date of relator's recovery from the accident without permanent disability was June 23, 1938. Upon the testimony of expert witnesses who treated relator, the effect of which was that he had made a complete recovery as far as the fractures were concerned and suffered only a temporary total disability, the referee, on October 3, 1938, awarded relator $7 together with an additional seven weeks' compensation at the rate of $17.60 a week, or $123.20. February 24, 1939, the commission dismissed a second claim petition filed by relator November 10, 1938, which was the same as the one filed August 18, 1938, except

for change of address and admission of the receipt of $739.20 compensation payments. August 16, 1940, relator filed a petition for vacation of the referee's award of October 3, 1938, and for a rehearing of the question of permanent disability and traumatic neurosis. The petition was denied, and the case comes here on writ of *certiorari*.

From a careful analysis of the medical testimony it is apparent that as a result of his injury relator was suffering from traumatic neurosis, a well recognized nervous or psychological affliction, which at least partly impaired his physical ability to perform labor, especially the kind that he had been accustomed to perform, and that this materially impaired his earning power. The evidence permits no other inference. There is no contention or intimation that he is a malingerer. It is for the commission to determine how much additional compensation he should have. Unless new evidence determines otherwise, he should have further relief.

The order is vacated and the case remanded for rehearing. Relator is allowed $75 attorney's fees.

