# WM. G. GUPTILL v. CONLON CONSTRUCTION COMPANY AND ANOTHER.[1]

April 17, 1953.

No. 35,985.

[1]Reported in 58 N. W. (2d) 264.

*Ahles & Ahles,* for relator.
*Reynolds & McLeod,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review an order of the industrial commission denying relator's petition to reopen an award on the grounds of mutual mistake because of disabilities developing subsequent to and not contemplated by the parties at the time of the award.

On November 13, 1950, relator filed a petition before the industrial commission for an award of compensation for injuries to his left hip and hip joint alleged to have been sustained as the result of an accident on October 10, 1949, while in the employ of respondent Conlon Construction Company, a corporation.

On May 15, 1951, a stipulation for settlement was made between the parties wherein the employer, while denying that relator had sustained an accidental injury on October 10, 1949, that notice thereof had been given within the prescribed time, or that the disability suffered by relator was due thereto, agreed, in compromise, to pay relator the sum of $2,500 as compensation and to reimburse him in the sum of $1,352.80 for his medical and hospital expenses.

Relator agreed therein to accept these sums as a full, final, and a complete adjustment of all his claims against his employer and its insurer by reason of the claimed accident. At the hearing thereon, relator was asked by the referee for the industrial commission if he

understood the terms of the settlement and if it was satisfactory to him. To both of these questions he responded in the affirmative and testified that he fully understood his rights under the compensation law. Based upon this testimony and the stipulation, on May 23, 1951, the commission made an award in conformity therewith.

Subsequently, on August 27, 1952, by an amended petition, relator sought to vacate the award and to obtain a rehearing on the ground that at the time of the settlement he and his employer had acted upon a mutual mistake of fact in that it was then assumed and believed that relator's disability was partial and temporary and the settlement made on this basis but that the injury caused by the accident subsequently had resulted in a cancerous condition to relator's left hip and hip joint, which required the amputation of his left leg and left pelvic bone, and which had left him totally and permanently disabled.

This petition was supported by an affidavit of Dr. Edward T. Evans to the effect that on April 10, 1950, he had treated relator for an injury to his left hip; that on July 18, 1950, he was required to perform an arthroplasty operation on relator's left hip; that subsequent thereto X rays showed a tumor in the region of the greater trochanter, a condition subsequently diagnosed as chondrosarcoma; that on the basis thereof, on August 17, 1951, a hindquarter amputation had been carried out, from which the patient had made an uneventful recovery; that a specimen of part of the left hip originally removed had been re-examined, but disclosed no evidence of sarcoma; and that it was his opinion that the injury to his hip sustained by relator, which required the original surgery, developed into a progression of chondrosarcoma not evident at the time of the original arthroplasty operation but becoming manifest only after many months. The statements in Dr. Evans's affidavit were not controverted nor does respondent submit any medical evidence in conflict therewith.

The record, as it appears before us, discloses that when the settlement was made on May 15, 1951, relator had previously required an arthroplasty operation on his left hip requiring the removal of

the head of the femur because of a diseased condition brought about by trauma and at that time there was no evidence of sarcoma; that no evidence of the latter was manifested to relator until subsequent to the settlement made May 15, 1951; that on June 8, 1951, he discovered a soreness of the leg and additional pain and about July 20, 1951, his condition was diagnosed as chondrosarcoma; that this affliction required the amputation of his left hindquarter on August 17, 1951; and that in the opinion of Dr. Edward T. Evans this condition and resulting disability was occasioned by the injury sustained by relator October 10, 1949.

On appeal relator asserts that the commission abused its discretion in refusing to reopen the award, that the evidence outlined above clearly establishes the discovery of facts not known or contemplated at the time the original award was made, and, hence, that it was based upon a mutual mistake and should be set aside under M. S. A. 176.60.

■ Section 176.60 authorizes the industrial commission, for cause and upon notice, to set aside an award and grant a new hearing in proceedings before the commission at any time before the award has been reduced to judgment or a writ of certiorari to review the proceedings has issued by this court. The purpose of this section is to assure an injured employee the opportunity of establishing his right to receive compensation in some measure proportionate to the degree and duration of his disability, particularly when the award sought to be vacated is based upon a mutual mistake as to the facts with reference to the extent of the injuries and disability sustained. Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889.

■ Here it is not disputed that, at the time relator filed his petition to vacate the award and for a new hearing, the award had not been reduced to judgment and a writ of certiorari had not issued from this court. It follows that under § 176.60 the commission continued to have jurisdiction to act in accordance with the provisions thereof. Tuomi v. General Logging Co. 196 Minn. 617, 265 N. W. 837.

■ The commission's power under § 176.60 is effective even though an award is based upon a stipulation for final settlement executed by the interested parties. Leland v. St. Olaf Lutheran Church, 213 Minn. 34, 4 N. W. (2d) 769; Ronstadt v. Minor, 152 Minn. 10, 187 N. W. 703. Action taken by the commission thereunder, however, must be "for cause." Graif v. Alexander, 226 Minn. 519, 33 N. W. (2d) 702; Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. (2d) 526. Ordinarily the determination of whether there is sufficient cause to justify the vacation of an award rests in the sound discretion of the commission. Bomersine v. Armour & Co. *supra.*

■ It has frequently been held that the development of new facts with reference to an injury subsequent to an award (Jovanovich v. St. Paul Corrugating Co. 201 Minn. 412, 276 N. W. 741) or even the subsequent discovery of facts in existence but unknown at the time the award was made (Sorenson v. La Pompadour, Inc. 187 Minn. 665, 246 N. W. 114) is sufficient to justify the vacation of an award, although in the latter situation there is greater reluctance to hold that the commission abused its discretion in denying a motion to vacate. Bomersine v. Armour & Co. *supra.* With reference to the prior ground, however, we have frequently held that when the new evidence discovered is undisputed and indicates that the employee has suffered substantial additional disabilities following the award, it is an abuse of discretion on the part of the commission not to vacate the prior award. Leland v. St. Olaf Lutheran Church, 213 Minn. 34, 4 N. W. (2d) 769; Soderquist v. McGough Brothers, 210 Minn. 123, 297 N. W. 565; Kirtland v. State Dept. of Health, 209 Minn. 537, 297 N. W. 23. This is in line with the principle, frequently set forth in our prior decisions, that a settlement for known injuries does not bar a later action for existing but unknown ones, there being a mutual mistake as to the latter. Aronovitch v. Levy, 238 Minn. 237, 56 N. W. (2d) 570; Mix v. Downing, 176 Minn. 156, 222 N. W. 913; Nygard v. Minneapolis St. Ry. Co. 147 Minn. 109, 179 N. W. 642; Annotation, 48 A. L. R. 1462; 15 Minn. L. Rev. 805.

■ In the light of these principles and based upon the record before us, it would seem that the commission abused its discretion in ignoring the uncontroverted affidavit of Dr. Evans as to relator's additional disabilities and in refusing a new hearing wherein relator might have the opportunity of establishing his right to an award compensatory therefor. This is assuming, of course, that it be established that relator's disabilities were the result of an accident arising out of and in the course of his employment and otherwise within the compensation act.

■ It is contended by respondents that the commission acted correctly in denying the petition to vacate the prior award, since any other action would seriously prejudice respondent-employer in that the compromise previously executed had been made notwithstanding employer's complete denial of primary liability under the act. There is substantial merit to respondents' argument in this connection but, if its position is sound on the primary issues, it will undoubtedly be able to establish this at the rehearing. The original stipulation conceded nothing with reference thereto and would in no way limit respondents.

While at times some injustice may result from the mode of procedure authorized by § 176.60, there being no exceptions therein because of situations such as this, we are compelled to direct that here, because of the undisputed facts outlined, the award be vacated and a new hearing granted relator.

Order reversed and case remanded with an allowance to relator of $250 attorney's fees.