## DONALD J. STOKES v.
## J. L. SHIELY COMPANY AND ANOTHER.

154 N. W. (2d) 404.

November 17, 1967—No. 40,625.

*Tyrrell, Jardine, Logan & O'Brien* and *Jon L. Levy,* for relator.
*McLeod & Gilmore,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to review orders of the Industrial Commission denying relator a rehearing.

Donald J. Stokes, relator and employee, was born July 29, 1928, is married, and has two children. In 1939 he was involved in an automobile accident and suffered substantial injuries and was treated by Dr. Wallace P. Ritchie, but he apparently recovered from that injury. He worked for employer, J. L. Shiely Company, on two occasions prior to 1963 and began working for them for the third time in July 1963. On November 5 of that year, the truck which he was driving for employer was involved in an accident. A dirt bank underneath the truck gave way, causing the truck to roll down the bank and turn over. Employee was thrown around inside the cab of the truck but was not thrown out of the cab. He was taken to a doctor for examination and returned to work the same day. The next day he reported for work but was excused because he felt nervous. On November 7, he again returned to work and on this occasion began to drive a truck. After he had been working a while, he

apparently suffered a "blackout" spell and fell out of the truck, injuring his left ankle. After being examined by a doctor again, he returned to work that same day. He tried to drive a truck again but was unable to do so because his ankle was sore. He testified that he was in excellent physical condition prior to the accident and he had had no fainting spells. Subsequent to November 1963, he said, he had at least a dozen such fainting spells at various times.

The employee filed his claim petition with the Industrial Commission against employer and its insurer, Liberty Mutual Insurance Company. A hearing on the petition was held August 10, 1964, before a referee who determined that the employee was entitled to temporary total and permanent partial disability benefits. The referee stated in his memorandum:

"The record indicates that on November 5 and November 7, 1963 employe sustained personal injuries while in the employ of the J. L. Shiely Company. The record indicates further that in various accidents and incidents prior to November, 1963 employe sustained serious injuries and developed a condition very much resembling a petit mal convulsive type of disability. Whether that was present at the time of November 5, 1963 when he was injured is not known, but the development later indicates that the condition could well be related to the prior injuries and not the result of the injury of November 5 or November 7, 1963. The Referee is giving the employe the benefit of the doubt in the case by awarding 40 weeks of temporary total disability and a minimum of 5 percent permanent partial disability to his left foot and ankle."

In October 1964, employee filed a notice of appeal. A hearing was held on the appeal April 6, 1965, and in September 1965 the commission affirmed the referee. In July 1966, employee petitioned to vacate the award and for a rehearing, which petition was denied. He thereafter petitioned for reconsideration and to amend the order denying the petition to vacate, which petition was denied November 18, 1966. Thereafter, employee petitioned this court for certiorari to review the last two orders.

The legal issue raised is whether the Industrial Commission's refusal

to vacate the award was an abuse of discretion under Minn. St. 176.461, which provides that the commission at any time after the award may set it aside and grant a new hearing and thereon determine the matter on the merits and make findings of fact, conclusions of law, and award or disallowance of compensation.

The law is well settled that the Industrial Commission has discretionary power to refuse to grant a rehearing. That power has some limitations. If there is an abuse of the discretion, this court has the power to overrule the commission. In each of the following cases the commission was held to have abused its discretion in not granting a rehearing: Soderquist v. McGough Brothers, 210 Minn. 123, 297 N. W. 565; Leland v. St. Olaf Lutheran Church, 213 Minn. 34, 4 N. W. (2d) 769; Guptill v. Conlon Const. Co. 239 Minn. 185, 58 N. W. (2d) 264. In each case, after the injured party received final payment, new facts were discovered indicating that the petitioner had suffered more serious injury than was thought at the time of the award. The primary difference between those cases and the instant case is that in the former case the award made was considered to be final. There is reason to believe from the record before us that the award made by the referee on August 10, 1964, was not intended to be a total and final adjudication of the matter as it appears the doctor, the referee, and both attorneys pointed out at the hearing that it was impossible then to determine whether the disability would be permanent.

The principal argument of the employer and insurer is that there were no new facts which were not present at the time of the hearing before the referee. They contend that all the employee is alleging now is that he has a fear of trucks and that this was known at the time of the original hearing. They claim that the only thing new about that is that the "fear" is now called a "traumatic neurosis," and that because there were no new facts, there should be no rehearing.

As we see it, the fallacy of respondents' argument is that although it was known at the time of the hearing before the referee that the employee had a fear of trucks, *it was not then known that the fear would be permanent.* Neither was it then known whether the so-called blackouts were organically caused or had a functional origin. According to the report of

Dr. Ritchie dated November 2, 1965 (about 2 years after the accident) and information in the letter of Dr. D. D. Norman dated June 28, 1966 (about 2 years and 8 months after the accident), there are possible new facts now that were unknown at the time of the hearing which should be considered. While it is not our policy to promiscuously set aside discretionary determinations on the part of the commission, we believe that a reopening here for the purpose of obtaining more information is desirable. The commission has such authority under § 176.461. In implementing this authority, the Industrial Commission promulgated Workmen's Compensation Rule 16 concerning petitions to vacate awards and for rehearings, which states in part:

"Such petitions shall set forth in detail the grounds upon which they are based, and shall show:

"(a) That certain material evidence not available at the time of the hearing before the referee is now available; or

"(b) proof of a change in condition material to the issue involved; or

"(c) any other showing that a rehearing is in the interest of justice."

We believe here that, if for no other reason than in the interest of justice and the apparent change in knowledge available to Dr. Ritchie as stated in his letter of November 2, 1965, a rehearing is justified.

Remanded to the Industrial Commission for the purpose of setting the award aside and granting a new hearing.

Relator is allowed $250 attorneys' fees in this court.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.