TWIN CITY FIRE INSURANCE
COMPANY, Appellant,

v.

Clarence FOSTER, Appellee.

No. 8360.

Court of Civil Appeals of Texas,
Texarkana.

May 11, 1976.
Rehearing Denied June 22, 1976.

Howard Waldrop, David Hightower, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Frank L. Supercinski, Longview, for appellee.

CORNELIUS, Justice.

On February 9, 1971, the Industrial Accident Board awarded compensation to appellee for temporary total and for permanent partial disability. An appeal was not taken. Subsequently, appellee filed an application to increase the initial award, and on February 7, 1972, the board issued its order declining to do so. No effective appeal was taken from that order. In December of 1973 appellee filed a second review application, and in response to it the board on September 26, 1974, vacated its previous orders and awarded appellee compensation for total and permanent disability. Appellant filed suit in the district court to set aside the last mentioned award. Based upon jury findings that the original award of February 9, 1971, was the result of a mistake, and also that a change in appellee's condition had occurred after the board's order of February 7, 1972, judgment was rendered setting aside the board orders of February 9, 1971, and February 7, 1972, and awarding appellee compensation for total and permanent disability.

Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 12d provides in part as follows:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, . . . or change or revoke its previous order denying compensation, . . . Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. . . . "

Appellant contends the orders of February 9, 1971, and February 7, 1972, could not be set aside because (1) the order of February 7, 1972, which declined to change the initial award amounted to an order denying compensation, and the second application for review was not made within twelve months of that order as required by Sec. 12d; (2) there was no evidence or insufficient evidence that the initial award was the result of a "mistake" as contemplated by Sec. 12d; (3) if there was such a mistake, the refusal of the board on February 7, 1972, to find such a mistake was res judicata; (4) there was no evidence or insufficient evidence of any change in appellee's condition; and (5) if there was a change in condition, there was no evidence that it was causally related to appellee's accidental injury.

Neither of the review applications which were filed by appellee is shown in the record, but the orders of the board are before us. The order of February 7, 1972, recited that:

"On review of award of the Board dated 2–9–71, the Board finds that claimant has not undergone a change of condition, nor was fraud, mistake or error committed in award of 2–9–71. Therefore, the Board declines to change award dated 2–9–71, and no further action will be taken by this Board."

The order of September 26, 1974, recited that:

"On review of Award dated 2–9–71 and Award dated 2–7–72, the Board finds that mistake and error was made in said

awards. Therefore, Award dated 2–9–71 and Award dated 2–7–72 are set aside, cancelled, and held of no binding force and effect, and Award entered herein is a final Award of the Board."

The mistake which appellee contends authorized the setting aside of the initial award was the failure of the Industrial Accident Board to have submitted to it, or to have for its consideration at the time the initial award was entered, certain information and particularly the medical report of Dr. Angel, which showed that subsequent to his injuries but prior to the initial award, appellee had undergone an operation in which a meningocele had been discovered and a spinal fusion was accomplished between the L–4 and S–1 vertebrae. For a change of condition, appellee relied upon the fact that, after the order of February 7, 1972, he had lost control of his urinary functions and had suffered impairment of his sexual functions.

█ If the order of February 7, 1972, constituted an "order denying compensation," appellee's second review application came too late, and neither the Industrial Accident Board nor the district court would have been authorized to set that order aside. If the order was not an order denying compensation, the second review application was timely filed since it was filed within the *true* compensation period. *Commercial Standard Ins. Co. v. Shank,* 140 S.W.2d 273 (Tex.Civ.App. Austin 1940, writ dism'd jdgmt cor.). After careful consideration we are convinced the order of February 7, 1972, was not an order denying compensation within the intent and meaning of Sec. 12d of Art. 8306. The Legislature added the twelve month limitation period when Sec. 12d was amended to permit the review of orders *denying* compensation. See Historical Note, Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 12d, and *Cooper v. United States Fidelity & Guaranty Co.,* 29 S.W.2d 971 (Tex.Comm'n App.1930, jdgmt adopted);

Ibid; 33 S.W.2d 189 (Tex.Comm'n App. 1930). The reason for the addition of that limitation period appears to be clear. When compensation has been awarded, review applications must be filed within the compensation period. In that situation there is a built-in time limitation. But if compensation has *not been awarded,* there is *no compensation period,* and there would be no limitation if the twelve month provision had not been added. The initial order here awarded compensation and therefore had its own limitation time—the compensation period. The order of February 7, 1972, did not deny compensation. It simply declined to change the compensation which had been previously awarded.[1] The limitation period applicable to the initial award was not cancelled and supplanted by the twelve month provision merely because the board at that time refused to change the initial award.

█ We next consider if it was proper to set aside the initial order on the grounds of mistake as indicated in the board's action of September 26, 1974, and as found by the jury. To justify such action, the alleged mistake must have been one of fact, not merely an error of law or of judgment. *General American Casualty Company v. Rosas,* 275 S.W.2d 570 (Tex.Civ.App. Eastland 1955, writ ref'd n. r. e.); *Commercial Standard Ins. Co. v. Shank,* supra. Although there has been some confusion in the decisions as to what constitutes a mistake of fact for this purpose,[2] the better rule seems to be that Sec. 12d was intended to authorize a review by the board of an order entered as the result of a mistake of fact as to the actual injuries received by the claimant, whether made by the employee, the insurer, or the board itself, irrespective and independent of any issue of fraud. *Commercial Standard Ins. Co. v. Shank,* supra; *De Leon v. Western Casualty Co.,* 114 S.W.2d 274 (Tex.Civ.App. Fort Worth 1938, no writ). Cases from other jurisdictions also lend support for this conclusion. See

1. Compare *Commercial Casualty Ins. Co. v. Hilton,* 126 Tex. 497, 87 S.W.2d 1081 (1935, jdgmt adopted).

2. See *Independence Indemnity Co. v. White,* 27 S.W.2d 529 (Tex.Comm'n App.1930, jdgmt adopted).

for example *Gosek v. Garmer And Stiles Company,* 158 N.W.2d 731 (S.Ct.Iowa 1968); *Jacobson v. Uptown Transfer & Storage Company,* 268 Minn. 336, 129 N.W.2d 41 (1964); *Guptill v. Conlon Const.,* 239 Minn. 185, 58 N.W.2d 264 (1953); *Bare v. State Compensation Director,* 148 W.Va. 760, 137 S.E.2d 435 (1964). Appellee was injured on April 29, 1970. He was seen by Drs. Toledo, Patterson, Semmes, and DeSaussure. He was treated for low back pain and was fitted with a back brace. Apparently, the board had evidence of these facts when it made the initial award and was aware that appellee had previously had two operations. However, appellee's evidence showed that in October of 1970 it became obvious that his condition was degenerating and he needed additional medical attention. He saw Dr. Angel for the first time in October of 1970. A myelogram was performed which revealed a fistula or break in the spinal meninges, a condition also known as a meningocele, which resulted in a leakage of spinal fluid. Dr. Angel referred appellee to a Dr. Soler and both doctors concluded that a new operation was necessary. The operation was performed and the meningocele was removed. Medical testimony showed that the area of the meningocele had not been explored in the previous operations. The disc at L–4 was bulging and was removed. Spinal fusion was accomplished between the vertebrae L–4 and S–1. Appellee had a long post operative recovery and was not released from the hospital until September of 1971 *after the initial award of the board had been entered.* After the operation appellee was totally and permanently disabled. There was medical testimony that the disability from the meningocele, disc removal and fusion was different and separate from the pain and disability resulting from the earlier problems with appellee's back, and that the myelogram, the presence of the meningocele, the disc removal, and the spinal fusion all constituted serious medical evidence necessary to properly determine appellee's injury and disability. Despite the significance of such information, there was testimony that the Industrial Accident Board did not check with Dr. Angel or Dr. Soler and *never received their reports or medical findings.* Thus, appellee's evidence, which the jury had a right to believe, showed that the Industrial Accident Board did not have before it these significant reports and developments when it made its evaluation of appellee's injury and entered its initial award. Considering the humanitarian purposes of the Workmen's Compensation Act and its manifest intent to award compensation according to the true injuries received by a claimant, we believe these facts justified a finding of a mistake of such character as permitted the review and modification of the initial award.

 Appellant insists that if these facts constituted a mistake, the mistake was known when appellee's first review application was made, and the board's refusal to find or act upon such mistake by its order of February 7, 1972, constituted res judicata of the issue and prevented a later review. But the record here does not reveal what the board had before it or what it considered when it entertained appellee's first review application and entered its order of February 7, 1972. If on the first review application the mistake which is now claimed was not known, the order of February 7, 1972, could not have been res judicata of that issue. *State of Texas v. Standard,* 414 S.W.2d 148 (Tex.1967). Where an adjudication is claimed to be a bar but does not itself reveal the issues on which it was rendered, it is incumbent upon the one claiming identity of issues to prove the issue in controversy was actually adjudicated in the former proceeding. Otherwise, the former adjudication will not be received as a bar, and the matter at issue is open to a new contention. *Cook v. Burnley,* 45 Tex. 97 (1876); *Martin v. Weyman,* 26 Tex. 460 (1863); *Schneider-Davis Co. v. Brown,* 46 S.W. 108 (Tex.Civ.App.1898, writ ref'd); *Chalmers v. Kimbrough,* 227 S.W.2d 615 (Tex.Civ.App. Fort Worth 1950, no writ); *Adcock v. Schweizer,* 190 S.W.2d 705 (Tex. Civ.App. Dallas 1945), rev'd on other grounds, 145 Tex. 64, 194 S.W.2d 549 (1946); *Davis v. Davis,* 141 Tex. 613, 175 S.W.2d 226

(1943); *Bray v. First Nat. Bank Of Mertzon*, 10 S.W.2d 235 (Tex.Civ.App. Austin 1928, writ dism'd); *Providence-Washington Ins. Co. v. Owens*, 210 S.W. 558 (Tex.Civ.App. Fort Worth 1919, no writ); *Zarate v. Unknown Heirs of Zarate*, 204 S.W. 697 (Tex.Civ.App. San Antonio 1918, no writ); 34 Tex.Jur.2d, Judgments, Sec. 555, pp. 662–663. Appellant relied upon the bar of res judicata and had the burden to show an identity of issues. As it did not do so, the claim of res judicata failed.

Appellant also contends there was no evidence or insufficient evidence that appellee underwent a change of condition subsequent to the board's order of February 7, 1972. We find there was sufficient evidence of such a change of condition, but we agree with appellant that the record contains no evidence that such change was causally related to appellee's compensable injury. Nevertheless, the existence of the mistake noted previously was sufficient to support the trial court's judgment, and it will therefore be affirmed.

We have considered appellee's counterpoint and it is respectfully overruled.

The judgment of the trial court is affirmed.