**Raymond STEWART, Respondent,**

v.

**RAHR MALTING CO. and Home Insurance Company, Relators.**

No. C3-88-2150.

Supreme Court of Minnesota.

Jan. 31, 1989.

Craig A. Larsen, Minneapolis, for relators.

Luke M. Seifert, St. Cloud, for respondent.

POPOVICH, Justice.

We review on certiorari an order of the Workers' Compensation Court of Appeals vacating an earlier award based upon a settlement. Concluding that further evidence is necessary for ascertaining the existence of good cause, we reverse and remand.

## I

On February 3, 1981, Raymond Stewart sustained a personal injury arising out of and in the course of his employment with Rahr Malting Company. The employer and its workers' compensation insurer accepted liability and paid certain workers' compensation benefits, including compensation for a 5% permanent partial disability. On February 23, 1984, the employer/insurer and the employee executed a stipulation for settlement, the terms of which provided that in addition to the benefits paid, the employee was to receive $28,500 as a full, final and complete settlement of all claims. The settlement specifically provided that all claims, past, present or future, for disability (permanent total, temporary total, temporary partial and permanent partial disability), retraining, rehabilitation, supplemental, dependency, benefits adjustments and medical expenses would be closed out. The stipulation also provided that the employee had been afforded "ample opportunity to retain legal counsel of his own choice to advise him of his rights under the law and under this agreement and hereby fully waives right to counsel herein freely and voluntarily." At the Department of Labor and Industry, on recommendation of an attorney employed there, the stipulation was amended to provide that claims for medical expenses would remain open and that claims for rehabilitation benefits would be closed out for 10 years. The amendment was initialed by the employee but not the employer/insurer although there was a notation of oral assent by the insurer. The stipulation as amended was approved by a compensation judge and an award was made thereon. Four years later, the employee filed a petition to vacate the award which the Workers' Compensation Court of appeals granted.

## II

■ The Workers' Compensation Court of Appeals has authority to set aside an award on stipulation if the employee makes a prima facie showing of good cause. Minn.Stat. § 176.461 (1986). Good cause exists if (a) the award was based on fraud; (b) the award was based on mistake; (c) there is newly discovered evidence; or (d) there is a substantial change in the employee's condition. *Krebsbach v. Lake Lillian Coop Creamery Association*, 350 N.W.2d 349, 353 (Minn.1984); *Turner v. Federal Reserve Bank of Minneapolis*, 298 Minn. 161, 166–67, 213 N.W.2d 414, 417–18 (1973). The Workers' Compensation Court of Appeals has broad though not unlimited discretion in determining whether to vacate an award. *Ericson v. Lenertz, Inc.*, 387 N.W. 2d 430, 431 (Minn.1986); *Maurer v. Braun's Locker Plant*, 298 N.W.2d 439, 441 (Minn.1980).

■ 1. Relying on *Ziegelman v. St. Theresa Home, Inc.*, 40 W.C.D. 241 (Minn. 1987) the Workers' Compensation Court of Appeals concluded the award on stipulation could be set aside on grounds of mistake because the employee was unrepresented by counsel. Unlike the uncounseled 19–year–old employee in *Ziegelman*, however, this employee was 33 years old at the time of the settlement and expressly waived any right to counsel. There was no allegation of any deficiency of the employee that made that waiver invalid. We cannot agree with the Workers' Compensation Court of Appeals that lack of legal counsel in this case, without more, provided a sufficient showing of good cause. Rather than vacating the award, we believe the better course would have been to refer the matter for an evidentiary hearing on the allegations of mistake. *See Ericson*, 387 N.W.2d at 432–33.

■ 2. The Workers' Compensation Court of Appeals also determined it was proper to set aside the award on stipulation grounds of substantial change of condition. After reviewing the medical records, we believe the Workers' Compensation Court

of Appeals misread them. In addition, we believe these records, without further explanation, suggest either a difference in opinion or mistake as to the extent of disability rather than a substantial deterioration in physical condition. While a difference in opinion would not provide the requisite good cause for vacating a prior award, *see Lubinski v. Bros., Inc.*, 270 N.W.2d 874, 877 (Minn.1978), mistake may. *Mattson v. Abate*, 279 Minn. 287, 292, 156 N.W.2d 738, 741 (1968); *see also Alexander v. Kenneth R. LaLonde Enterprises*, 288 N.W.2d 18 (Minn.1980). Accordingly, we reverse the decision of the Workers' Compensation Court of Appeals and remand with directions to afford the parties a hearing at which they may present evidence on the issues of mistake and substantial change in condition. *See Gustafson v. A.W. Kuettel & Sons*, 355 N.W.2d 405, 409 (Minn.1984). Following the hearing, the Workers' Compensation Court of Appeals shall reconsider the employee's petition to vacate the award.

Reversed and remanded for further proceedings.