Michael STEINHAUS, Relator,

v.

F.B. CLEMENTS and Kansas City Fire
& Marine Insurance, Respondents,

and

Nielson Chevrolet and Western National
Mutual Insurance, Lower Court
Respondents,

and

MADA Insurance Company and Mutual
of Omaha, Intervenors.

No. C3-92-581.

Supreme Court of Minnesota.

July 9, 1992.

Getts & Geisheker, P.A., William H.
Getts, Minneapolis.

Jeffrey A. Magnus, Eagan.

## ORDER

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals is reversed and the case is remanded to the compensation judge in accordance with the memorandum attached hereto.

## MEMORANDUM

This workers' compensation matter comes before us on certiorari to review a decision of the Workers' Compensation Court of Appeals denying Michael Steinhaus' petition to vacate the compensation judge's denial of benefits. Michael Steinhaus sustained a compensable neck and shoulder injury in 1982 while employed as an automobile mechanic for F.B. Clements in St. Peter, Minnesota. After nearly 3 months of total disability, during which time he received various workers' compensation benefits, employee returned to his pre-injury employer in a lighter duty capacity. In 1987, employee suffered an increase in neck and shoulder pain for which he later sought further workers' compensation benefits. The compensation judge denied employee's claim finding that he had failed to establish that his current disability and need for medical care was causally related to this 1982 work injury. In addition to filing an appeal from the denial of benefits, employee filed a petition to vacate the compensation judge's decision on grounds of new facts developed after the hearing before the compensation judge.

It appears that the employee was alleging that the cause of his disability was not ascertainable until after the results of post-hearing surgery became known. *See Stokes v. J.L. Shiely Co.,* 278 Minn. 354, 154 N.W.2d 404 (1967). The Workers' Compensation Court of Appeals denied employee's petition, concluding his evidence pertaining to the link between the work injury and surgery was insufficient where medical records suggested another cause— *i.e.,* a 1972 automobile accident. Other medical records, however, particularly the 1972 records from the Mayo Clinic, cast doubt on the Workers' Compensation Court of Appeals' conclusion as well.

It has also occurred to us that rather than petition the Workers' Compensation Court of Appeals to, in essence, re-open a case that had not yet become final, it would have been more appropriate for employee to seek rehearing as to whether his post-hearing surgery was sufficient to establish a causal relationship between his 1982 work injury and currently claimed disability. Minn.R. 1415.3100 (1991). Nevertheless, the employee petitioned to vacate the compensation judge's decision; and under the circumstances of this case, in, all fairness, an evidentiary hearing on employee's petition seems appropriate. We, therefore, reverse decision of the Workers' Compensation Court of Appeals decision denying the petition to vacate the compensation judge's decision and remand with directions to afford the parties a hearing at which they may present evidence of the issues pertaining to the newly-discovered evidence claim. Following the hearing, the Work-

ers' Compensation Court of Appeals shall reconsider the employee's petition to vacate the compensation judge's decision. *See Stewart v. Rahr Malting Co.*, 435 N.W.2d 538, 540 (Minn.1989).

As a result of this disposition, we do not reach the merits of the petition.