GORDON L. NORBY v. ARCTIC ENTERPRISES, INC. AND ANOTHER.

232 N. W. 2d 773.

August 15, 1975—No. 45354.

*Carroll, Cronan, Roth & Austin* and *Michael C. Tierney*, for relators. *Abrams & Spector* and *John J. Horvei*, for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Gordon L. Norby, employee, was employed by Arctic Enterprises, Inc., as a small engine mechanic. In April 1972 Norby sustained a back injury. Liability was accepted by the employer and its insurer, and 5 1/5 weeks of temporary total disability benefits were voluntarily paid.

The employee exacerbated his back injury in March 1973. After hospitalization and treatment, employee's physician released him for light duty employment; Arctic Enterprises, however, informed him that no such job was available. Repeated attempts to find appropriate work in the community have failed, and employee's medical problems have continued.

Orthopedic specialists testified that the employee developed an acute lumbar disc syndrome or prolapse in the April 1972 injury. They further testified that the home incident in March 1973 was an aggravation of the underlying condition and a continuation of the effects of the first industrial injury and that employee would have permanent disability to his back.

In April 1973 Norby contacted the Minnesota Division of Vocational Rehabilitation. In July the division certified him for a 38-week business administration program in accounting, to take place at Northland State Junior College in Thief River Falls. The division found that the proposed retraining would significantly reduce or prevent the decrease in Norby's employability resulting from the injury. A workmen's compensation claim petition was filed on behalf of the employee in August 1973, seeking temporary total disability, medical, and retraining benefits.

In September 1973 the division of vocational rehabilitation amended its certificate of rehabilitation. The new certificate recommended for Norby a 104-week course which would result in a 4-year degree in business administration. The course would begin at Northland Community College and continue at the University of North Dakota. The division certified that this retraining period would also significantly reduce or prevent the decrease in Norby's unemployability resulting from his injury.

A workmen's compensation hearing was held. The commission awarded temporary total disability benefits, temporary partial disability benefits, and certain medical expenses and legal fees. The commission also ordered retraining benefits for a period of up to 104 weeks in accordance with the division of vocational rehabilitation's recommendation. The employer and its insurer now seek review of that part of the commission's decision that awarded retraining benefits up to 104 weeks, contending that Norby is entitled to only 38 weeks of retraining.

Statutory authorization for the awarding of retraining benefits to injured employees is contained in Minn. St. 176.101, subd. 8.[1] In the case at bar, the division of vocational rehabilitation certified Norby for a 38-week retraining program. The division then amended its certification to provide for a 104-week program. The only question presented on appeal is whether or not the commission acted properly in finding 104 weeks of benefits to be necessary on the record before it.

The statute speaks of "necessary" retraining. We have held that "necessary" should not be construed as "indispensable," but that retraining compensation should be found necessary if it appears that the retraining will materially assist the employee in restoring his impaired capacity to earn a livelihood. Tibbitts v. E. G. Staude Mfg. Co. 166 Minn. 139, 207 N. W. 202 (1926); Vierling v. Spencer, Kellogg & Sons, Inc. 187 Minn. 252, 245 N. W. 150, 85 A. L. R. 165 (1932).

Such a determination by the Workmen's Compensation Commission is a finding of fact. It is a basic proposition of law that findings of the commission on fact questions are entitled to very great weight; we will

[1] "Subd. 8. For any injury producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commissioner of the department of labor and industry shall require that the injured employee be promptly referred to the division of vocational rehabilitation, department of education, or other public or private, properly accredited agency, to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury. The employer shall pay any usual and reasonable expenses and charges for such evaluation. If the evaluating agency certifies to the commissioner of the department of labor and industry that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of the department of labor and industry, compensation judge, or commissioner, in cases upon appeal, determines the retraining is necessary and makes an order for such compensation, the employer shall pay up to 104 weeks of additional compensation during the actual period of retraining according to the schedule of compensation for temporary total disability. However, the total additional compensation provided by this subdivision shall not be greater than an amount equal to that payable for the injury as compensation for temporary and permanent disability."

not review them unless a consideration of the evidence and the permissible inferences drawn therefrom compel or require reasonable minds to adopt a contrary conclusion. Thus, where the commission's findings and decision are supported by substantial evidence, we will not retry the merits of the issue, but will affirm the decision reached below. Roman v. Minneapolis St. Ry. Co. 268 Minn. 367, 129 N. W. 2d 550 (1964); Schmillen v. Dave Schroeder Grocery, 250 Minn. 561, 85 N. W. 2d 740 (1957); Forseen v. Tire Retread Co. Inc. 271 Minn. 399, 136 N. W. 2d 75 (1965); Watkins v. Walker Methodist Residence, 293 Minn. 524, 198 N. W. 2d 524 (1972).

An award of retraining benefits is not automatic, but must be supported by competent evidence; this record contains abundant evidence supporting the commission's determination. There was testimony from orthopedic physicians that Norby will have permanent disability to his back as a result of the injury and that it would be advisable for him to pursue a retraining program to acquire a skill which does not force him to rely on the use of his back to generate a livelihood. An expert from the division of vocational rehabilitation testified that Norby had a significant decrease in his employability as a result of his back problem and that the 4-year program and degree would "reduce the problem of [Norby's] employability and unemployability to a much greater extent than the two year degree" would.[2] This testimony was never rebutted.

Finding the requisite degree of support for the commission's award of 104 weeks of retraining benefits, we affirm the decision of the Workmen's Compensation Commission.

Respondent is allowed $400 attorneys fees.

Affirmed.

---

[2] The obligation of the employer and its insurer is statutorily limited to 104 weeks, however.