## BONNETA J. ANDERSON v. PILOT CITY HEALTH CENTER AND ANOTHER.

239 N. W. 2d 227.

February 6, 1976—No. 45633.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.
*Schermer, Schwappach, Borkon & Ramstead, John D. Mariani,*
and *Richard I. Diamond,* for respondent.

PER CURIAM.

The employer and insurer seek review of a decision of the Workers' Compensation Board. They challenge the board's award of retraining benefits and denial of their petition to take additional testimony. For the reasons discussed below, we remand to the Workers' Compensation Board.

The employee sustained a personal injury to her back that arose out of and in the course of her employment as a nursing assistant on November 15, 1971. On January 8, 1974, after several periods of hospitalization and three unsuccessful attempts to return to work for the employer, she was certified for retraining as a chemical dependency counselor by the Department of Vocational Rehabilitation. She began this course, which was to last 104 weeks, on January 2, 1974.

The employee filed a claim petition on March 12, 1974, seeking an award of benefits for temporary total disability, medical expenses, and retraining. At the compensation hearing on April

24 and 25, 1974, conflicting expert testimony was offered as to the need for retraining and the suitability of the course selected in light of the employee's intelligence, education, and physical condition. On June 10, 1974, the compensation judge issued his findings and determination, awarding the employee, among other things, retraining benefits from and after April 26, 1974, not to exceed 104 weeks.[1] On appeal, the findings and determination of the compensation judge were adopted as those of the board.

We have reviewed the record and testimony herein and conclude that the finding of the necessity of retraining and order for benefits are supported by substantial evidence and consistent with the compensation act. However, we feel that it is necessary to caution the board that Minn. St. 1974, § 176.101, subd. 8, mandates the board to determine the necessity of retraining, includ-

---

[1] Minn. St. 1974, § 176.101, subd. 8, provides as follows: "For any injury producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commissioner of the department of labor and industry shall require that the injured employee be promptly referred to the division of vocational rehabilitation, department of education, or other public or private, properly accredited agency, to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury. The employer shall pay any usual and reasonable expenses and charges for such evaluation. *If the evaluating agency certifies* to the commissioner of the department of labor and industry that a *period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of* the department of labor and industry, *compensation judge, or commission,* in cases upon appeal, *determines the retraining is necessary and makes an order for such compensation,* the employer shall pay up to 104 weeks of additional compensation during the actual period of retraining according to the schedule of compensation for temporary total disability. However, the total additional compensation provided by this subdivision shall not be greater than an amount equal to that payable for the injury as compensation for temporary and permanent disability." (Italics supplied.)

ing the propriety of the curriculum in which retraining is certified. The statement by the board in its memorandum that it is not for the board to substitute its judgment for the Department of Vocational Rehabilitation so far as choice of the course is concerned is inaccurate since the statute mandates that the board review this determination.

While this matter was before the board, the employer and insurer petitioned the board to take further testimony. By affidavit they alleged that the employee by reason of withdrawals and incompletes had not received any credits in her first two quarters of retraining. While the board is under no obligation to grant a hearing in all cases,[2] we feel that in the context of this particular matter, the refusal amounted to an abuse of discretion. We therefore remand to the Workers' Compensation Board for a hearing as to the propriety of the continuation of the retraining program.

Remanded.

KELLY, JUSTICE (concurring in part, dissenting in part).

While I agree that the board abused its discretion in refusing to admit evidence of the employee's lack of progress in her retraining program and that this case must therefore be remanded for further proceedings in the board, I think the court's statement upholding the sufficiency of the evidence and its characterization of such proceedings as a hearing on the "continuation" of the retraining program are improper in view of our holding that there was an abuse of discretion. The new evidence sought to be admitted discloses that in two quarters of college work, employee has failed to receive a single passing grade, amassing three incompletes and five withdrawals from courses. Such evidence, coupled with the evidence before the board of employee's low IQ and emotional problems, raises some doubt as to the propriety of the board's finding that employee could be success-

---

[2] Holland v. Independent School Dist. No. 332, 274 Minn. 380, 144 N. W. 2d 49 (1966); Minn. St. 176.421, subd. 6(2); WC 7(a), Rules of Practice of the Workers' Compensation Board.

fully retrained as a drug counselor. The board ought to be allowed to fully reconsider that finding without intimations from this court as to the overall sufficiency of the evidence in the absence of the new evidence. Furthermore, since the error of the board occurred in its review of the original order for retraining, it is that entire order which must be reconsidered, not merely the propriety of the continuation of the retraining program at this point in time.

OTIS, JUSTICE (concurring in part, dissenting in part).
I join in the opinion of Mr. Justice Kelly.