**Daniel MacINNES, Respondent,**

v.

**SUPER VALU STORES, INC., et al., Relators.**

**No. 46591.**

Supreme Court of Minnesota.

May 6, 1977.

Cousineau, McGuire, Shaughnessy & Anderson and Robert J. McGuire, Minneapolis, for relators.

Abrams & Spector and Peter J. Pustorino, Minneapolis, for respondent.

## OPINION

PER CURIAM.

The employer and insurer seek review of a decision of the Worker's Compensation Court of Appeals awarding the employee benefits for temporary total and permanent partial disability and for retraining. They specifically challenge the award of retraining benefits for formal educational training as a clergyman and the sufficiency of the evidence to support the award of disability benefits. We affirm.

The employee sustained a personal injury to his back on October 6, 1970, which arose out of and in the course of his employment as a stockman. At the time of the injury, he was enrolled as a student at Wesleyan Bible College. On November 13, 1974, he was certified for retraining as a clergyman by the Division of Vocational Rehabilitation. The certification for retraining at Vennard College, Iowa, which was to cover a 104-week period, was retroactive, commencing on September 3, 1973.

The record also indicates that the employee filed a claim petition on December 3, 1974, seeking an award of benefits for temporary total disability, temporary partial disability, retraining, and permanent partial disability. At the compensation hearing conducted on May 29, 1975, the most serious dispute centered upon the need for retraining and the suitability of the course selected. On June 30, 1975, the compensation judge issued his findings and determination, awarding the employee, among other benefits, retraining benefits for the periods from September 3, 1973, to June 1, 1974, and September 7, 1974, to May 31, 1975.

On appeal, the findings and determination of the compensation judge were adopted as those of the court of appeals.

We have reviewed the record and testimony herein and conclude that the order for benefits is supported by substantial evidence and consistent with the compensation act. More specifically, the award of retraining benefits is in compliance with the standards set therefor in *Norby v. Arctic Enterprises, Inc.,* 305 Minn. 519, 232 N.W.2d 773 (1975), and *Anderson v. Pilot City Health Center,* Minn., 239 N.W.2d 227 (1976).

Respondent is allowed $350 attorneys fees.

Affirmed.