Lester A. BETTS, Respondent,

v.

M. I. L. REALTY CORPORATION, et al., Relators.

No. 47803.

Supreme Court of Minnesota.

July 14, 1978.

Jardine, Logan & O'Brien and Graham N. Heikes, St. Paul, for relators.

Mark B. Sarenpa, Minneapolis, for respondent.

## PER CURIAM.

Relators, M.I.L. Corporation and its compensation insurer, Hartford Insurance Group, obtained certiorari to review an order of the Worker's Compensation Court of Appeals denying their petition to vacate a default award of retraining compensation and a further order denying their petition for rehearing. We agree with their contention that the compensation court abused its discretion in refusing to vacate the default award.

Employee, a real estate salesman for M.I.L., was injured in the course of his employment on July 1, 1974. Hartford paid him compensation for temporary total disability until April 17, 1975, but denied that he was disabled after that date. In April 1976, an order was entered, pursuant to the parties' stipulation, which awarded employee medical expenses and compensation for a 20-percent permanent partial disability of the back and for additional temporary total disability.

Subsequently employee sought retraining because, as he contends, his permanent disability prevents him from working as a real estate salesman. On November 26, 1976, a counselor for the Division of Vocational Rehabilitation (DVR) wrote to Hartford that employee desired to obtain a B.A. degree in liberal arts in 1 year and then to attend law school and obtain an additional 3-year degree in law. The counselor added that he understood approximately 235 weeks of retraining benefits at $100 per week were available to employee "as per the stipulation of April 20, 1976." The stipulation did not contain such a provision.

On December 6, 1976, DVR certified that employee was approved for retraining in the occupation of attorney in a course entitled "B.A. plus Law School," to begin at the University of Minnesota January 3, 1977, and to last probably 104 weeks. DVR further certified that the retraining period would significantly reduce or prevent the decrease in employee's employability resulting from his injury. Employee began attending the university January 3, 1977, and on January 17 filed a petition for an order allowing a retraining period and compensation as provided by Minn.St.1973, Supp., § 176.101, subd. 8.[1] The petition was accompanied by the certificate from DVR.

On January 20, 1976, the Worker's Compensation Division served a "REQUEST FOR RETRAINING BENEFITS" on Hartford by mail, together with a copy of employee's petition for retraining benefits and some consent forms. The division requested Hartford to execute and return the consent forms if the petition met with its approval, notified that if it objected to the petition it must file an answer within 10 days, and added that failure to either consent or otherwise answer the petition could

---

1. This provision states in pertinent part: " * * * If the evaluating agency [in this case the Division of Vocational Rehabilitation] certifies to the commissioner of the department of labor and industry that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of the department of labor and industry, the compensation judge, or commission, in cases upon appeal, determines the retraining is necessary and makes an order for such compensation, the employer shall pay up to 104 weeks of additional compensation during the actual period of retraining according to the schedule for temporary total disability."

result in a default award pursuant to Minn.St. 176.331.[2] No answer was filed within the 10-day period, and on February 10, 1977, Deputy Commissioner Raymond O. Adel issued an order which, after reciting that the Worker's Compensation Division had determined that retraining as an attorney will significantly reduce or prevent the decrease in employability caused by employee's injury, awarded him retraining compensation at a weekly rate of $100 payable during retraining beginning January 3, 1977. The order was filed and served by mail the same day.

On March 1, relators served a petition to vacate and set aside the order allowing retraining benefits. Relator's petition alleged that Hartford had received the petition for retraining benefits on January 24, had forwarded the petition to relators' attorney, Graham Heikes, on January 27 to represent relators' interests, and that Heikes had received it on Friday, January 28, but through excusable neglect did not file an answer by January 31, the last day on which to do so, because he was devoting his full time to a pending civil action and was not aware that the petition for retraining benefits had arrived in his office. The petition further alleged, on the basis of attached medical reports, that retraining is not necessary because employee did not sustain any permanent disability. It also alleged that the requested course was inappropriate because employee had no college degree and had not shown that he would meet academic requirements or law school admission test standards for admission to law school, because completion of the course

is not possible within 104 weeks, because employee would be near retirement age by the time he completed law school, assuming his admission and completion of the courses,[3] and because as a convicted felon employee could not be admitted to the bar. The petition was accompanied by an affidavit in which Mr. Heikes detailed his work activities prior to February 28 and averred that the file relating to the petition for retraining had been "inadvertently mixed in with other matters which did not require immediate action" in his office and that he had learned of it only on February 28 through a telephone call from Hartford.

After a hearing the compensation court denied the petition to vacate the default award on the ground that employee had "substantially altered his position in the interim" to attend the university. In a memorandum the court elaborated that "equity is with the employee who has substantially altered his way of life attempting to further his education."[4] Relators promptly petitioned for reargument, contending that employee had begun college on January 3 and thus had not changed his position in reliance with the default order. The compensation court accorded that fact no significance and denied the petition.

We are compelled, however, to view employee's action in attending classes on January 3 as a highly relevant fact, since the initial order denying relators' petition was premised on employee's supposed substantial change of position on the basis of the default order. It is clear that in starting his studies at the university on January 3, employee could not have changed his posi-

2. Minn.St. 176.331 provides in pertinent part: "Where an adverse party has failed to file and serve an answer, if the petitioner presents proof of such fact, the commissioner of the department of labor and industry or compensation judge shall enter whatever award or order to which petitioner is entitled on the basis of the facts alleged in the petition, but the commissioner of the department of labor and industry or compensation judge may require proof of any alleged fact. If the commissioner of the department of labor and industry requires such proof, he shall assign the matter to a compensation judge to summarily hear and determine the same and to promptly make an award or order."

3. Employee was 55 years old in May 1978.

4. In contrast, in an earlier unreported decision, *Isakson v. United States Bedding Co.*, File No. 472–36–8125, Record No. 2987E, filed April 11, 1973, which involved the same issue of whether a default order awarding retraining benefits should be vacated, the then Industrial Commission granted the petition to vacate on the ground that employee's course was not to begin for several months and he could not have acted in reliance on the order.

tion in anticipation of a default order awarding him compensation, and he clearly did not change his position in the 20-day period between the entry of the default order and the filing of relators' petition. His action suggests to us that he had determined to obtain further education whether or not he could establish that he is entitled to additional compensation. We conclude that employee's decision to attend the university before he established his right to additional compensation should not preclude relators from contesting his compensation claim unless there are other reasons for denying them a hearing on the merits.

■ The analogy between a petition to reopen a default award of compensation and a petition to vacate a default judgment pursuant to Rule 60.02, Rules of Civil Procedure, is obvious. Moreover, in determining whether to vacate a default award, the compensation court exercises judicial discretion of the same kind a trial court does in determining whether to vacate a default judgment. Thus, the well-established principles applied to determine whether a court of law has acted within the bounds of its discretion in passing upon a motion to vacate a default judgment are applicable here. Those principles were restated in *Kosloski v. Jones*, 295 Minn. 173, 179, 203 N.W.2d 401, 403 (1972):

> "This court has repeatedly said that in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) shows that no substantial prejudice will result to the other party."

■ Applying these familiar tests here requires the conclusion that the denial of relators' petition was an abuse of discretion. The petition sets forth two reasonable defenses on the merits: One, that employee is not disabled and thus not entitled to re-training; the other, that the curriculum to which his retraining has been certified is inappropriate. See, *Anderson v. Pilot City Health Center*, 307 Minn. 204, 239 N.W.2d 227 (1976).

■ We also believe that relators furnished a reasonable excuse for their failure to answer. A 10-day period in which to interpose an answer is not long, and the affidavit of relators' attorney explaining that the file was "inadvertently and mistakenly mixed in with other matters that did not require immediate attention" in his office may suggest some degree of negligence, but certainly not inexcusable neglect of the matter. We stated in *Isensee v. Rand*, 196 Minn. 267, 268, 264 N.W. 782 (1936), that "[w]here a showing is made of a meritorious defense to a cause of action upon which judgment has been entered for want of answer, judicial discretion is strongly inclined to open the judgment and grant defendant leave to serve an answer, if any reasonable excuse can be given for the default." Such an excuse was furnished here.

Relators also clearly acted with due diligence after notice of entry of the default order since they filed the petition to vacate the order only 20 days after its entry.

Finally, there is nothing in the record suggesting that employee will sustain substantial prejudice if the default order is set aside. As stated above, he did not change his position in reliance on the award. His argument that he will have to pay additional attorneys fees if there is a hearing on the merits does not demonstrate substantial prejudice. The same is true for a plaintiff in a civil action if a default judgment is vacated. Moreover, attorneys fees in compensation cases are regulated by the legislature to assure their reasonableness. Employee's last contention, that his education may be delayed or thwarted if the award is vacated, does not persuade us that such delay should defeat our longstanding policy favoring the trial of contested matters on their merits. A prompt hearing and resolution of employee's claim would of course minimize delay in employee's retraining course.

We conclude that relators have made a strong showing that in the interest of justice they should be granted a hearing on the merits and that the compensation court abused its discretion in refusing to vacate the default award.[5] Accordingly, we reverse the denial of relators' petition to vacate the award and remand for further proceedings consistent with this opinion.

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.

---

5. See, W. C. Rule 30, Rules of Practice, Worker's Compensation Division and Court of Appeals; *Stokes v. J. L. Shiely Co.,* 278 Minn. 354, 154 N.W.2d 404 (1967).