Frank MEE, Relator,

v.

**METROPOLITAN TRANSIT COMMIS-SION, self-insured, Respondent.**

**No. 50945.**

Supreme Court of Minnesota.

March 27, 1981.

Michael J. London, Minneapolis, for relator.

Richard G. Spicer, Minneapolis, for respondent.

PETERSON, Justice.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals denying him retraining benefits pursuant to a finding that retraining is not necessary in spite of a prior determination that he is temporarily totally disabled and has a 10% permanent partial disability to the back. Having concluded that the record does not support the finding that employee is not in need of retraining, we reverse.

Employee, a busdriver, sustained injuries in a work-related accident on April 8, 1977. His claim for compensation was contested, but in May 1978 he was awarded compensation for temporary total disability and a 10% permanent partial disability of the back. Respondent did not appeal that determination.

Employee, who had acquired 36 college credits prior to his injury and had a strong interest in psychology, enrolled at the University of Minnesota in January 1979 after consulting a rehabilitation counselor at the University. The Division of Vocational Rehabilitation subsequently certified him for retraining for 103 weeks with the goal of obtaining a B.A. degree in psychology. He then filed a petition for retraining benefits, but respondent denied liability, contending employee does not need retraining.

At the hearing on the petition, employee placed in evidence reports of Dr. Joseph P. Engle in which he expressed the opinions, based on examinations conducted in August and October 1978, that employee could not return to busdriving, that he should be retrained in an occupation calling for mental activity and permitting him to move about at will, and that retraining should enable employee to be employed. Respondent presented no evidence about employee's physical condition after March 17, 1979, the date of the earlier compensation hearing, but introduced the deposition of Dr. Richard Cohan, which had been taken in April 1978 and placed in evidence at the hearing on employee's disability claims. In this deposition Dr. Cohan had expressed the opinions that 5 days after the accident in April 1977 employee was not disabled and was able to return to busdriving and that he had sustained a 5% permanent partial disability of the back.

Employee testified that after graduating from high school he had completed a course in drafting and had worked as a draftsman for several years, had worked for a year as an intake counselor for the CETA program, and had worked as a busdriver from 1972 until the accident in April 1978. Because he had been involved in some prior accidents, he was discharged by respondent on April 13, 1978. He felt that he could not return to driving and said that his attempts to obtain work as a draftsman had been unsuccessful because his skills were outdated and that his attempt to obtain an interviewing position with the Division of Vocational Rehabilitation had also been unsuccessful because he lacked a college degree in social work, psychology, or counseling. At the time of the retraining hearing he had completed several courses in his certified program and had maintained a B + average. He intended also to learn Spanish so that he could counsel Spanish-speaking Americans.

Two vocational counselors expressed opposing opinions on the appropriateness of employee's vocational goal. Eugene Hogenson, a counselor for the Division of Vo-

cational Rehabilitation, stated that employee had high motivation and sufficient interest and intelligence to complete the certified course successfully and that doing so would significantly reduce his unemployability. Hogenson felt that employee's job opportunities would be bleak if he were not retrained. The counselor said also that retraining would qualify employee for a number of positions and that he knew other persons had obtained employment after completing similar programs. He conceded that he did not have information about the availability of specific positions at the time employee would complete his course.

Michael D. Graham, a vocational counselor for the Department of Employment Services, testified that retraining would not increase and might decrease employee's employability because he would be overqualified for positions not requiring a college degree. This witness said that the number of positions in interviewing and counseling was decreasing, that employee would compete with other job applicants who were experienced or were considerably younger, that to be certified as a psychologist employee would need a master's degree and two years' experience working with a psychologist, and that acquiring fluency in Spanish would not assist him in obtaining employment. Graham expressed the opinion that employee could obtain employment in sales and in some office-type occupations in which he could receive on-the-job training, such as dispatcher work, order writing, and city desk work, all of which he felt would be within employee's physical limitations.

On this evidence the compensation judge found that retraining was necessary in an endeavor to rehabilitate employee and awarded him retraining benefits, but the Court of Appeals vacated this finding and the award, substituting the finding that "[a]s a result of the effects of said personal injury of April 4, 1977, retraining is not necessary."

Our difficulty in reviewing the Court of Appeals' decision is traceable in part to the fact that two of the three acting members of the court, Judges McCarthy and Rieke, in separate opinions stated merely that they concurred with the determination. The third member, Judge Otto, stated in his opinion that a 4-year college degree was not necessary to restore employee's earning capacity, a comment going to the appropriateness of the course of retraining rather than to the issue of whether employee is in need of retraining. Judge Otto went on to review Dr. Cohan's previously rejected opinion that employee had sustained a 5% permanent partial disability of the back and concluded:

> While the medical opinions vary it nevertheless appears clear from the record that the employee's disabilities were minimal, being based mostly upon subjective complaints. We do not find that the injury that he sustained while working for this employer impaired his earning capacity in the line of work that he followed or could follow at the time of his injury. We do not find that the injury he sustained significantly impaired his ability to earn a livelihood.

These conclusions clearly reflect Dr. Cohan's opinion that employee was not temporarily totally disabled and could have returned to work shortly after the accident.

Although Judge Otto thus apparently relied on Dr. Cohan's opinions, the finding that employee is not in need of retraining cannot be based on them in view of the fact that they had earlier been rejected by the compensation judge who found that on March 17, 1978, the date of the hearing on employee's compensation claim employee was temporarily totally disabled. That finding, from which no appeal was taken, established that employee's physical condition, in combination with his age, training, and experience, and the type of work available in the community, caused him, at that time at least, to be unable to secure anything more than sporadic employment resulting in an insubstantial income. *Schulte v. C. H. Peterson Const. Co.*, 278 Minn. 79, 153 N.W.2d 130 (1967). Since respondent made no effort to present medical testimony concerning employee's ability to work at

the time his retraining claim was put forward, the only relevant medical evidence was Dr. Engle's reports, in which he expressed the opinion that employee could not return to busdriving. Thus, if the finding that employee is not in need of retraining is based on a determination that he could return to his former occupation, it must be rejected as without evidentiary support.

Instead, the evidence requires the finding that employee's injury prevents him from returning to the occupation of busdriving. Minn.Stat. § 176.101, subd. 7 (1978), provides that in such circumstances an employee is entitled to retraining if he has suffered a reduction in employability by reason of his injury. If the finding that retraining is not necessary was based on the determination that employee had not suffered a reduction in employability, however, the underlying evidence is again insufficient. Graham's opinion that employee could obtain work in sales or in the specified office work did not establish that employee had suffered *no* reduction in employability because the witness gave no information concerning the wages payable for these occupations. If such wages are significantly less than employee's earnings as a busdriver, employee has sustained a reduction in employability qualifying him for retraining.[1] We are thus required on this record to reverse the finding that employee is not in need of retraining.

We remand for reconsideration and, in the discretion of the Court of Appeals, a hearing at which further evidence on the issue of the necessity of retraining may be adduced. If the issue of the appropriateness of the certified course is reached, a specific finding thereon should be made. *Anderson v. Pilot City Health Center,* 307 Minn. 204, 239 N.W.2d 227 (1976).

Employee is allowed $400 attorneys fees on this appeal.

Reversed and remanded.

OTIS, Justice (dissenting).

The majority would overrule a decision of the Workers' Compensation Court of Appeals on the ground that once conflicting expert medical testimony has been rejected by a compensation judge, the court of appeals cannot consider it, give it credence, and base a reversal upon it. To overrule the court of appeals on that ground would go beyond the bounds this court has set for its scope of review, and I therefore dissent.

In our previous decisions we have kept to a narrowly circumscribed scope of review: "[C]onflicts in the opinions of medical experts must be resolved by the trier of fact and its findings will not be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt contrary conclusions." *Severson v. Color Ad Packaging,* 277 N.W.2d 380, 382 (Minn.1979). Thus, resolution of conflicts in the opinion of the medical experts is the exclusive province of the court of appeals as trier of the facts, and we have declined to disturb findings "based on that court's acceptance of the opinion of one medical expert in preference to that of another * * *" unless such findings "are based on opinions which lack a factual basis." *Ruzynski v. Bemis Packaging Plant of Bemis Co., Inc.,* 287 N.W.2d 653, 657 (Minn.1980).

In the instant case, the court of appeals accepted the opinion of Dr. Cohan in preference to the opinion of Dr. Engle. The record contains the results of three examinations by Dr. Cohan, and two by Dr. Engle. In Dr. Cohan's first examination, four days after the relator's accident, the relator reports that he feels no pain and that he feels he could do his work of driving a bus. In Dr. Cohan's second examination, eleven days after the relator's accident and six days after the M.T.C. had terminated his employment, the relator reports mild discomfort in his neck and lower back, and complains that as a result he now has trouble sleeping. Dr. Cohan finds no objective

---

1. Retraining benefits should be found necessary if it appears that retraining will materially assist an employee in restoring his impaired capacity to earn a livelihood. *Norby v. Arctic Enterprises, Inc.,* 305 Minn. 519, 232 N.W.2d 773 (1975).

confirmation of the discomfort, and concludes that there is no change in condition, and no disability.

In Dr. Cohan's third examination, five months after the relator's accident, the relator reports problems with his neck, back, right forearm and wrist, and his legs. Dr. Cohan conducts two sets of tests; in one kind stress is applied to the alleged area of pain, in the other the stress is applied elsewhere so that there should be no complaint of pain. The relator, however, reports feeling pain in the same place during both tests. In Dr. Cohan's opinion this strongly suggests that in the tested areas the relator's complaints of pain are dubious. From the few complaints he can objectively confirm, Dr. Cohan concludes that the relator has a five percent disability.

Dr. Cohan's conclusions from three examinations is in conflict with Dr. Engle's conclusions, yet there is nothing in the examination reports by Dr. Engle that suggests oversight or error by Dr. Cohan. The relator made similar complaints to both physicians; one physician found confirmation for the complaints, the other did not. There certainly was no lack of a factual basis for Dr. Cohan's conclusions, nor for the court of appeals' acceptance of his conclusions. Choosing which expert opinion to accept is their task, not ours. Yet the majority would reverse, because Dr. Cohan's conclusions "had earlier been rejected by the compensation judge," and that supposedly shows that the court of appeals' decision lacked evidentiary support. Such a holding does no more than substitute this court's judgment of conflicting evidence for that of the court of appeals. To reverse on that ground takes us clearly beyond the bounds of our scope of review; I urge that we not do so, and therefore dissent.