HAROLD G. MORRISON v. MERRICK'S SUPER MARKET, INC., AND ANOTHER.

220 N. W. 2d 344.

June 21, 1974—No. 44321.

*Jardine, Logan & O'Brien* and *Graham Heikes,* for relators.
*Michael G. Simon,* for respondent.

PER CURIAM.

Writ of certiorari upon the relation of employer and insurer to review a decision of the Workmen's Compensation Commission awarding employee temporary partial disability benefits and retraining benefits, and a decision denying reargument. The issue is whether the commission was correct in awarding employee temporary partial disability benefits during the period of his retraining. Employee also raises the issue of whether he was totally disabled after June 1, 1970, rather than temporarily partially disabled as the commission found. We affirm the commission's decision which held that employee was entitled to temporary partial disability benefits during retraining and which denied employee's claim that he was totally disabled after June 1, 1970.

Employee, Harold G. Morrison, was employed by employer, Merrick's Super Market, Inc., as an apprentice meatcutter. On July 9, 1969, employee suffered an injury to his lower back arising out of and in the

course of his employment. As a result of this injury, the compensation judge found that employee was temporarily totally disabled intermittently between July 9, 1969, and June 1, 1970, a total of 4 weeks; and temporarily partially disabled on and after June 1, 1970, to the date of the hearing, March 12, 1971, a total of 40 weeks and 4 days.

On January 4, 1971, employee entered into a retraining course in business administration. The compensation judge found that this retraining was necessary.

The compensation judge awarded employee a sum representing the 4 weeks of temporary total disability prior to June 1, 1970, but the judge refused to award any benefits for temporary partial disability for the period between June 1, 1970, and January 3, 1971, because during that period employer made work available to employee which he refused to perform but was capable of performing in his partially disabled condition without wage loss. However, since employee's retraining course made him unavailable to do the work offered by employer after January 3, 1971, the compensation judge awarded temporary partial disability benefits from January 3, 1971, to the date of the hearing and continuing thereafter in accordance with employee's disability and the limitations of the Workmen's Compensation Act. Finally, the compensation judge also awarded employee retraining benefits beginning January 3, 1971, and continuing throughout the duration of his business course, pursuant to Minn. St. 176.101, subd. 8.

■ In Nelson v. National Biscuit Co. 300 Minn. 46, 217 N. W. 2d 734 (1974), we determined that retraining and disability benefits may be received concurrently, reasoning that if the legislature had intended to forbid such payments it would have clearly said so in the statute. Therefore, the only question remaining before us regarding the concurrent payment of retraining benefits and temporary partial disability benefits in this case is whether the fact that employee's retraining course precluded him from doing the work offered by employer was a sufficient reason to allow him to collect temporary disability benefits when his refusal to accept work in the past had prevented him from collecting those benefits.

The Workmen's Compensation Act is remedial in nature and must be liberally interpreted to give effect to its overall purpose of compensating injured workers. Sandy v. Walter Butler Shipbuilders, Inc. 221 Minn. 215, 21 N. W. 2d 612 (1946). Thus, we hold that because employee was precluded from accepting work offered by employer while engaged in a retraining course, he should be entitled to receive temporary partial disability benefits despite the fact that he was previously unable to receive those benefits because he refused to perform the work of-

fered by employer. There is no question that employee could have received both retraining and disability benefits if he had begun retraining before employer offered employment to him, and we find no logical reason why employee should be denied disability benefits while he is retraining under the facts of the present case. This decision gives employee nothing more than that which he is entitled to under the Workmen's Compensation Act and is consonant with the purpose of § 176.101, subd. 8, of encouraging injured workers to increase their employability through retraining.

■   With regard to employee's claim that he was totally disabled after June 1, 1970, rather than partially disabled as the compensation judge found, it is doubtful whether we may consider this issue because it was not specifically brought before the commission on appeal. Nelson v. Reid & Wackman, 228 Minn. 137, 36 N. W. 2d 544 (1949). Even if we were to consider that issue, however, we could not accept employee's arguments. We have examined the record and cannot say that the findings of the compensation judge are manifestly contrary to the evidence, nor are they inconsistent with the rule for determining total disability stated by us in Green v. Schmahl, 202 Minn. 254, 278 N. W. 157 (1938).

Attorneys' fees in the amount of $350 are allowed respondent on this appeal.

Affirmed.