LAWRENCE L. ADAMS v. RALPH NADAVE, d.b.a. LITTLE CANADA LUMBER COMPANY, AND ANOTHER.

245 N. W. 2d 227.

August 6, 1976—No. 46037.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.
*Abrams & Spector* and *John J. Horvei,* for respondent.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

PER CURIAM.

On writ of certiorari to the Workers' Compensation Board, this case concerns the extent of retraining benefits to which an employee is entitled under Minn. St. 1971, § 176.662, after removal from employment because of an occupational disease.[1] Employee, Lawrence L. Adams, was afflicted with allergic con-

---

[1] Minn. St. 1971, § 176.662, was repealed by L. 1973, c. 643, § 12, and retraining benefits for occupationally diseased as well as injured employees are now clearly governed by different language in Minn. St. 176.101, subd. 7 (L. 1975, c. 359, § 8). Therefore, our holding in this case does not affect the present operation of the Workers' Compensation Law.

junctivitis in his eyes as a result of exposure to fine particles of wood and sawdust during his employment by Ralph Nadave as a carpenter. He was awarded 33 weeks and 2 days of temporary total and temporary partial disability compensation; removed from employment as a carpenter to avoid further hazardous exposures; and certified for retraining to become an industrial arts teacher.

Two statutes are arguably applicable. Minn. St. 1971, § 176.-662, provides in pertinent part as follows:

"When an employee is afflicted with an occupational disease to such a degree that it is unduly hazardous for such employee to continue in any employment involving the hazard of exposure to such occupational disease, or where for other causes it is medically inadvisable and unduly hazardous for such employee to continue in an employment involving such hazard of occupational disease, the commission shall order the removal of such employee from such hazardous employment.

"An employee so removed is eligible for retraining for a new occupation and compensation during such retraining, *as provided by the workmen's compensation law*. In the event retraining benefits are not accepted by such employee, he is to be compensated during his period of unemployment following such removal as though he were wholly or partially disabled by reason of compensable injury, but such compensation shall not exceed a period of 104 weeks following the date of the order so removing such employee. In the event an employee is disabled, by reason of compensable injury, at the time an order for his removal is issued, the benefits provided by this section attach and begin at the termination of such period of compensable disability and constitute additional benefits. In the event retraining of the employee is undertaken during the period of such partial disability *compensation is not to continue beyond 104 weeks from the date when such retraining is begun.*" (Italics supplied.)

In contrast, Minn. St. 1971, § 176.101, subd. 8, applicable ex-

pressly to employees disabled by injury rather than occupational disease, provides:

"For any injury producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commission shall require that the injured employee be promptly referred to the division of vocational rehabilitation, department of education, or other public or private, properly accredited agency, to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury. The employer shall pay any usual and reasonable expenses and charges for such evaluation. If the evaluating agency certifies to the commission that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the workmen's compensation commission determines the retraining is necessary and makes an order for such compensation, *the employer shall pay up to 104 weeks of additional compensation during the actual period of retraining* according to the schedule of compensation for temporary total disability. However, the total additional compensation provided by this subdivision shall not be greater than an amount equal to that payable for the injury as compensation for temporary and permanent disability." (Italics supplied.) [2]

Under the italicized language in Minn. St. 1971, § 176.101, subd. 8, an employee taking his retraining intermittently because of enrollment in a curriculum with scheduled interruptions for semester or quarter breaks and summer vacations, or because of unscheduled interruptions for reasons of personal convenience

---

[2] Minn. St. 1971, § 176.101, subd. 8, was amended by L. 1975, c. 359, § 8, and is now Minn. St. 176.101, subd. 7. The last sentence of Minn. St. 1971, § 176.101, subd. 8, has been deleted and the 104-week period has been enlarged to 156 weeks. But the language italicized above remains otherwise unchanged.

or hardship, could still obtain the maximum allowable benefits without a calendar week limitation. However, the language of Minn. St. 1971, § 176.662, is on its face distinguishable from the language of Minn. St. 1971, § 176.101, subd. 8. It is more comparable to language which we construed in Johnson v. Iverson, 175 Minn. 319, 325, 221 N. W. 65, 67 (1928), and Marsolek v. Miller Waste Mills, 244 Minn. 55, 57, 69 N. W. 2d 617, 619 (1955), to impose a calendar week limitation.

The compensation judge interpreted Minn. St. 1971, § 176.662, in a manner consistent with our precedents:

"This means entitlement *of up to 104 weeks* of retraining benefits, during periods of actual retraining, but in no event to continue beyond 104 calendar weeks from the beginning date of such retraining."

The compensation board, on appeal from the determination of the compensation judge, rejected this interpretation. It held that the phrase "as provided by the workmen's compensation law" in Minn. St. 1971, § 176.662, referred back to Minn. St. 1971, § 176.101, subd. 8, and reflected a legislative intent that employees removed for occupational disease, like injured employees, be entitled to retraining benefits up to 104 weeks during periods of actual retraining, without calendar week limitation. The employee makes a similar argument before this court.

The difficulty with this interpretation is that, to the extent Minn. St. 1971, § 176.101, subd. 8, is incorporated, it would be incorporated in toto, including the last sentence thereof, which would limit the employee's retraining benefits in this case to 33 weeks and 2 days. We understand employee's argument to be that this limitation would not operate in this manner because in this case, although temporary disability compensation was payable for only 33 weeks and 2 days, the employee was in effect temporarily partially disabled during the period of his retraining as well. This contention is based upon the following language from Morrison v. Merrick's Super Market, Inc. 300 Minn. 535, 536, 220 N. W. 2d 344, 345 (1974):

"* * * Thus, we hold that because employee was precluded from accepting work offered by employer while engaged in a retraining course, he should be entitled to receive temporary partial disability benefits * * *."

However, in Morrison the employee had an actual physical disability. Temporary partial disability compensation had been denied him because he had refused to perform work offered by his employer which could be performed in his disabled condition. The effect of the retraining course was to make the employee unavailable for the work offered by his employer, thus removing the reason for denying his compensation in the first place. Participation in the retraining course was not itself a disability. Here, unlike Morrison, we have no underlying temporary partial disability award beyond 33 weeks and 2 days.

As here applied, incorporation of Minn. St. 1971, § 176.101, subd. 8, would offer the employee the option of (1) 33 weeks and 2 days retraining benefits or (2) up to 104 weeks of compensation during unemployment under Minn. St. 1971, § 176.662. Since the result of offering such alternatives would be to discourage retraining, we cannot believe that the legislature intended such disparate options. For this reason, we reject the incorporation theory.

We think the phrase "as provided by the workmen's compensation law" may be properly understood when read in conjunction with the following language in Minn. St. 1971, § 176.66, subd. 1:

"The disablement of an employee resulting from an occupational disease, *except where specifically otherwise provided,* is to be treated as the happening of an accident within the meaning of the workmen's compensation law and the procedure and practice provided applies to all proceedings under this section, *except where specifically otherwise provided herein.*" (Italics supplied.)

In other words, while some of the procedural provisions in Minn. St. 1971, § 176.101, subd. 8, would apply to retraining of occu-

pationally diseased employees, where the provisions in Minn. St. 1971, § 176.662, specifically applicable to such employees, are inconsistent, the more specific would prevail. The specific language of Minn. St. 1971, § 176.662, with respect to the extent of retraining benefits clearly contains a calendar week limitation.

Accordingly, we hold the compensation judge was correct and reverse the compensation board's interpretation.

Respondent is allowed the sum of $400 attorneys fees on this appeal.

Reversed.