Richard J. ROWE, Respondent,

v.

DULUTH LAUNDRY, et al., Relators.

Charles E. KLEIN, Respondent,

v.

N. H. SANDBERG ERECTION COMPANY, et al., Relators.

Nos. 48248, 48263.

Supreme Court of Minnesota.

Sept. 15, 1978.

Lommen & Cole and Mark N. Stageberg, Minneapolis, for relator Duluth Laundry.

Van Eps & Gilmore and Michael Forde, Minneapolis, for N. H. Sandberg Erection Co.

John Wallraff, Comp. Atty., Minneapolis, for Rowe.

D. A. Hoops, Rochester, for Klein.

PER CURIAM.

These cases present the same issue—whether the Workers' Compensation Court of Appeals correctly determined that Minn.St. 176.645 was applicable to increase retraining benefits to which the employees were entitled. One employer, N. H. Sandberg Erection Company, and its insurer seek review of a decision affirming a compensation judge's award of retraining bene-fits to employee Charles Klein in the amount of $145.33 per week. The other employer, Duluth Laundry, Inc., and its insurer seek review of a decision affirming an order by Deputy Commissioner Raymond O. Adel directing that they pay a like amount to employee Richard Rowe for retraining benefits. Although relators contend that the employees are entitled only to $135 a week under Minn.St.1976, § 176.101, subd. 7, and that Minn.St. 176.645 does not apply to retraining benefits, we are convinced that the court of appeals properly determined that the automatic adjustment of benefits provided in § 176.645 applies to retraining benefits.

The statute under which employees were entitled to retraining benefits, § 176.101, subd. 7, provides:

"For any injury producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commissioner of the department of labor and industry shall require that the injured employee be promptly referred to the division of vocational rehabilitation, department of education, or other public or private, properly accredited agency, to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury. The employer shall pay any usual and reasonable expenses and charges for such evaluation. If the evaluating agency certifies to the commissioner of the department of labor and industry that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of the department of labor and industry, compensation judge, or worker's compensation court of appeals, in cases upon appeal, determines the retraining is necessary and makes an order for such compensation, *the employer shall pay up to 156 weeks of additional compensation*

*during the actual period of retraining according to the schedule of compensation for temporary total disability* and shall pay any other expense determined as reasonably necessary to restore former earning capacity by the division of vocational rehabilitation and the commissioner of labor and industry to rehabilitate the employee." (Italics supplied.)

The "schedule of compensation for temporary total disability" thus determines the amount payable for retraining. Minn.St. 176.101, subd. 1, relating to the benefits payable for temporary total disability, provides in part:

"For injury producing temporary total disability, 66⅔ percent of the daily wage at the time of injury subject to the following limitations:

"(1) The maximum weekly benefits payable shall be $135.

"(2) The minimum weekly compensation benefits for temporary total disability shall be 20 percent of the statewide average weekly wage."

Each employee earned wages at the time of his injury entitling him to the maximum weekly benefits allowed under this provision. Such compensation is further augmented pursuant to Minn.St. 176.645, which provides:

"*For injuries occurring after October 1, 1975 for which benefits are payable under section 176.101, subdivisions 1, 2 and 4, and section 176.111, subdivision 5, the amount due the employee or any dependents shall be adjusted in accordance with this section.* On October 1, 1976, and each October 1 thereafter the amount due shall be adjusted by multiplying the amount due prior to each adjustment by a fraction, the denominator of which is the statewide average weekly wage for December 31, 21 months prior to the adjustment and the numerator of which is the statewide average weekly wage for December 31, nine months prior to the adjustment. For injuries occurring after October 1, 1975, all adjustments provided for in this section shall be included in computing any benefit due under this section. Any limitations of amounts due for daily or weekly compensation under this chapter shall not apply to adjustments made under this section. No adjustment increase made on October 1, 1977 or thereafter under this section shall exceed six percent a year. In those instances where the adjustment under the formula of this section would exceed this maximum the increase shall be deemed to be six percent." (Italics supplied.) [1]

Relators urge that the phrase in Minn.St. 1976, § 176.101, subd. 7, "the schedule of compensation for temporary total disability," means the basic rate determinable under § 176.101, subd. 1, regardless of the fact that compensation for temporary total disability is now augmented pursuant to Minn.St. 176.645. The court of appeals rejected that position, viewing "the schedule of compensation for temporary total disability" as encompassing all provisions pertaining to computation of compensation for temporary total disability. Thus, that court concluded that "when the compensation rate for temporary total disability rose because of the adjustment factor of § 176.645, the compensation rate for retraining changed accordingly." We are persuaded that this determination is correct.

Interpretation of "the schedule of compensation for temporary total disability" in § 176.101, subd. 7, as encompassing both the provisions of § 176.101, subd. 1, and the formula in § 176.645 accords with the liberal construction this court has traditionally given the Workers' Compensation Act. See, *Morrison v. Merrick's Super Market, Inc.*, 300 Minn. 535, 220 N.W.2d 344 (1974). This interpretation also recognizes and applies the principle that statutory provisions relating to the same subject are to be read in pari materia. Moreover, the legislative history of retraining benefits also supports the court of appeals' decisions.

1. This statute, originally enacted as L.1975, c. 359, § 20, was amended by L.1977, c. 342, § 23, the amendment being effective retroactively to October 1, 1975. Both employees sustained work-related back injuries resulting in temporary total disability after that date.

Such benefits have been computed "according to the schedule for temporary total disability" since they were first provided in Ex.Sess.L.1967, c. 40, § 11. Since the legislature was aware of this fact when it enacted Minn.St. 176.645 and thus changed the computation of temporary total disability benefits, it is reasonable to assume, in the absence of an explicit expression of legislative intent to the contrary, that it also intended to change the computation of retraining benefits in the same manner.

Respondent Klein is allowed attorneys fees in the amount of $350.

Affirmed.