**Mari Beth GRAVES, Respondent,**

v.

**GLEN LAKE STATE SANITORIUM (self-insured), Respondent,**

**Minnetonka Nursing Home, Inc., (uninsured), Respondent,**

**State Treasurer, Custodian of the Special Compensation Fund, Relator.**

No. 49000.

Supreme Court of Minnesota.

March 9, 1979.

Warren Spannaus, Atty. Gen., Richard Allyn, Sol. Gen., Thomas Lockhart, Sp. Asst. Atty. Gen., St. Paul, for relator.

Johnson, Sands, Lizee, Fricker & McCloskey, Minneapolis, for Graves.

Jacob Forsman, Compensation Atty., St. Paul, for Glen Lake State Sanitorium.

Heard before KELLY, WAHL, and KENNEDY, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

The Workers' Compensation Court of Appeals, upon determination that the employee was temporarily totally disabled and entitled to retraining benefits, awarded the employee reimbursement for tuition, books, and transportation in addition to her weekly retraining benefit amount pursuant to Minn.St. 176.101, subd. 7, which provides that upon such determination

"* * * the employer shall pay up to 156 weeks of additional compensation * * * and shall pay any other expense determined as reasonably necessary to restore former earning capacity by the division of vocational rehabilitation and the commissioner of labor and industry to rehabilitate the employee." (Italics supplied.)

Relator contends that the italicized language, added to the statute in 1975, contemplated unusual expenses other than tuition, books, or commuting expense and that such expenses are to be deemed covered by the regular weekly training benefit amount. We think the language on its face authorizes these expenses as additional amounts, absent any indication in the language of the statute or its legislative history to the contrary. If these expenses are not within the statutory meaning of expenses "reasonably necessary to restore former earning capacity," no other meaning occurs to us. This does not mean, of course, that the awarding of such additional amounts is mandatory, for such additional award is granted only if the division of vocational rehabilitation and the commissioner of labor and industry determine it to be reasonable and necessary to restore the employee. The weekly retraining benefit amount, we think it fair to assume, is primarily intended to provide sustenance and maintenance to the employee and her family while she is engaged in retraining. The weekly retraining benefit in this case was $73.33, an amount which the court of appeals could consider inadequate for accomplishing retraining without the supplementary amount.

If we misperceive the intent of the legislature, our misperception is subject to legislative re-examination. We must take the statute as we find it and give it a construction consistent with its purpose of encouraging injured workers to increase their employability through retraining. See, *Morrison v. Merrick's Super Market, Inc.,* 300 Minn. 535, 536, 220 N.W.2d 344, 345 (1974).

Affirmed.

ROGOSHESKE, J., took no part in the consideration or decision of this case.