**William BLISS, Relator,**

v.

**MINNEAPOLIS STAR & TRIBUNE COMPANY, Respondent.**

No. 51351.

Supreme Court of Minnesota.

Feb. 13, 1981.

Robert V. Daly, Jr., Compensation Atty., Duluth, for relator.

James Pikala, Minneapolis, for respondent.

SCOTT, Judge.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals denying his petition for temporary partial disability benefits during a 52-week

retraining course based on a finding that he was not entitled to such benefits during his period of retraining. Having concluded that this finding is without evidentiary support and is in fact contrary to the evidence, we reverse.

■ It is well settled that temporary partial disability is present when (1) an employee has sustained a physical disability, (2) it is temporary rather than permanent in nature, (3) it is partial, so that the employee is able to work subject to the disability, and (4) the employee has sustained an actual loss of earning capacity which is causally related to the disability. *Kuehn v. State*, 271 N.W.2d 308 (Minn.1978); *Dorn v. A. J. Chromy Const. Co.*, 310 Minn. 42, 245 N.W.2d 451 (1976). The evidence in this case clearly establishes the presence of the first three elements. Although the Court of Appeals concluded that the last one had not been established, the record reveals uncontradicted evidence which establishes that employee has sustained an impairment of earning capacity because he was required in August 1977 to leave his work as a web press operator when he developed contact dermatitis due to exposure to certain chemical used on the presses.

Employee's training did not qualify him to operate other types of presses, and the employer did not offer him any other position. Instead of attempting to obtain work with former employers or to find other employment, employee left the city to live at a small resort near Longville which he had purchased in 1972. He did some work about the resort but made no effort to find other employment in the Longville area. In January 1978 he contacted the Division of Vocational Rehabilitation and underwent tests which determined that training in cabinetmaking would be appropriate. He was certified by the Division for an on-the-job retraining program in a cabinetmaker's shop at Hackensack to last 52 weeks, during which he would earn $92 weekly or $2.30 an hour. The employer agreed to pay retraining compensation but filed notice of intention to discontinue payment of temporary total disability when the course began,

claiming that additional disability compensation was not due. Employee then filed a petition seeking temporary partial disability benefits which the employer contested. It is conceded that during the 10 months prior to employee's entry into the on-the-job program he earned no money. During this period, however, he was capable of performing any kind of work which did not expose him to the chemicals which had caused his dermatitis.

■ At the hearing on employee's compensation claim the employer placed in evidence the deposition of a licensed psychologist and vocational counselor, Dr. Phillip Haber, who had tested and interviewed employee and expressed the opinion that he was capable of obtaining gainful employment in several positions at which he could begin at a wage rate of $7 or $8 an hour. At the time he was required to stop working for the employer, he was earning $8.80 an hour. In spite of this evidence the Court of Appeals found that employee was not entitled to temporary partial disability benefits during the retraining course in which he was earning $2.30 an hour. Since the evidence summarized is uncontradicted, we are required to conclude that it established that employee had sustained an impairment of earning capacity which is causally related to his disability and entitles him to an award for temporary partial disability during his retraining period. *See Morrison v. Merrick's Super Market, Inc.*, 300 Minn. 535, 220 N.W.2d 344 (1974). We remand for calculation of the compensation to which he is entitled.

Reversed and remanded.

OTIS, Justice (dissenting).

I respectfully dissent. In my view Minn. Stat. § 176.101, subd. 2 (1980) implicitly recognizes the employee's duty to make reasonably diligent effort to obtain other employment and should be construed as requiring an employee to prove that he has made such effort in order to be entitled to compensation for temporary partial disability. In this case the evidence establishes beyond question that employee could have obtained

**462**

work in any environment not exposing him to the allergy-producing chemical within a few weeks after he left the employer's pressroom. The record also reveals that employee made no effort even to obtain retraining for several months, during which his income from temporary total compensation voluntarily paid by the employer and from sick leave benefits also paid by the employer was equivalent to his earnings as a press operator. I would hold that the absence of a good-faith effort to obtain employment defeats his claim.

Moreover, I do not view the record as requiring the Workers' Compensation Court of Appeals to accept Dr. Haber's opinion as the basis for an inference of employee's present earning capacity. Employee presented no evidence himself on this issue, and that court did not act unreasonably in declining to infer from Dr. Haber's testimony the extent to which employee's earning capacity has been diminished. I would affirm.