**Trac T. LE, Respondent,**

v.

**STATE of Minnesota, University of Minnesota, self-insured, Relator.**

No. CX–82–477.

Supreme Court of Minnesota.

March 4, 1983.

Jennifer Patterson, St. Paul, for relator.

Mark Olive, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal of a decision by the Workers' Compensation Court of Appeals upholding an award of temporary partial disability benefits to the respondent, Trac T. Le. The respondent began working as a janitor for appellant, the University of Minnesota, when he emigrated here in 1975. He was soon promoted to the position of boiler operator which he held until his doctor advised him to leave in 1979 because of a temporary aggravation of a preexisting condition known as allergic rhinitis. His exposure on the job to dust, fly ash, coal dust and powdered lime caused symptoms of itchy and watering eyes, sneezing, and a runny nose. These symptoms began to decrease when he left, gradually disappearing altogether, and he sustained no increased sensitivity as a result of his exposure to relator's working conditions.

The evidence indicated that Trac Le could have sought work immediately in a more dust-free environment. He checked once at appellant's personnel office but the openings listed were either janitorial positions or positions requiring further training. There was no medical or other evidence that Trac Le was prevented by his condition from returning to janitorial work.

Without searching further for employment, Trac Le decided to enter a two year training course in electronics. He worked briefly for the school in which he was enrolled but soon quit because he needed extra time to study due to his limited proficiency with the English language. Upon graduation he found employment at a higher salary than he had earned at the University.

Eight months before completing the electronics course, Trac Le applied for and received financial help with his school tuition and other expenses from the Department of Vocational Rehabilitation. He was not given vocational testing or certified for retraining according to the applicable regulations. RS 4, 5 (1982), *reprinted in* Minn. Stat.Ann. ch. 176 (Supp.1983).

Trac Le also received unemployment compensation for 9 months[1] and Comprehensive Employment and Training Act (CETA) per diem expenses for 7 months during this training course.

The compensation judge awarded Trac Le attorney fees, medical expenses, and $14,358.78[2] in temporary partial disability benefits for the entire period of training, while acknowledging that he had made no effort to locate available employment. The Workers' Compensation Court of Appeals affirmed, stating, "Most certainly, the employee is a highly motivated individual with

---

1. The statutory scheme does not allow simultaneous receipt of unemployment compensation and work-related disability benefits. Minn. Stat. § 268.08, subd. 3(3) (1982). There was no inquiry at trial as to the representations made by respondent in his application for unemployment compensation, but any prior statements to the Department of Economic Security that respondent was able and available to work, as required by Minn.Stat. § 268.08, subd. 1(3) (1980), should have served as an estoppel upon later representations to the contrary before the Workers' Compensation Division. The legislature may wish to address this situation through corresponding workers' compensation legislation.

2. This amount was modified to $13,730 by the Workers' Compensation Court of Appeals.

respect to his wanting to obtain suitable employment and we believe that his efforts to receive training can clearly be considered reasonable and diligent even though he had never been certified for this training."

Neither this court nor the Workers' Compensation Court of Appeals has previously held that an award of temporary partial disability benefits during retraining may be based upon the worker's reasonable and diligent efforts to acquire such training, without certification or demonstrated inability to find employment. Although retraining has been certified retroactively even after a training course has been completed, *Tilbury v. Campbell Soup Co.,* 26 W.C.D. 498 (1972), certification is nevertheless required, and must be based upon need for and suitability of the program. RS 4, 5 (1982), *reprinted in* Minn.Stat.Ann. ch. 176 (Supp.1983). We noted in *Mee v. Metropolitan Transit Commission,* 304 N.W.2d 15, 18 (Minn.1981), that an employee is entitled to retraining if he has suffered a reduction in employability because his injury prevents him from returning to his former occupation. In the case before us, there was specific denial of certification for retraining, which respondent does not contest. However, his award of temporary partial disability benefits is premised upon the fact that he was undergoing retraining at the time and could not work.

Where there has been no effort to seek other employment, we have nevertheless upheld payment of temporary partial disability benefits during a period of retraining, when an occupational disease required the employee to leave his former employment and the employer offered him no other job. *Bliss v. Minneapolis Star & Tribune Company,* 303 N.W.2d 460, 461 (Minn.1981). The important fact which distinguishes this case from the *Bliss* case is that Trac Le was not certified for retraining, whereas the employee in *Bliss* was given vocational tests and certified for the training course appropriate for his abilities.

In absence of a determination of need of a special course of retraining by a vocational expert, employers may potentially be liable for disability benefits during courses of training far in excess of the need created by the injury. Here, for example, a vocational expert may have helped Trac Le to locate a shorter course of study, or perhaps determined that retraining was not appropriate or necessary in his case. Retraining benefits may only be allowed after proper procedures have been complied with, including completion of a properly documented rehabilitation plan. RS 4, 5 (1982), *reprinted in* Minn.Stat.Ann. ch. 176 (Supp.1983). Furthermore, the Workers' Compensation Court of Appeals has determined that an employer has the right to limited testing of an employee to determine the nature of appropriate vocational training for that employee. *Wolf v. Yellow Freight System, Inc.,* 32 W.C.D. 597 (1980). If the employee were able to circumvent this certification process, the employer's liability would be unlimited.

Were we persuaded that respondent was actually disabled during part of the training period, we would be inclined to remand this case for a determination of the actual period of disability. However, since the evidence indicates that Trac Le suffered no continuing disability and in fact did work for a short time immediately after leaving the University, we conclude that he was in fact able to work but decided on his own initiative to seek additional training.

That part of the award pertaining to medical expenses is affirmed; all other portions of the decision below are hereby reversed.