BRADLEY, Judge.
This is a workmen’s compensation case.
Frank Priola sustained a twenty-five percent permanent partial disability in one arm and a thirty percent permanent partial disability in the other arm as the result of an on-the-job accident while employed by Beaver Valley Corporation. A settlement was reached with respect to the permanent partial disability and an order was entered giving Mr. Priola $14,652, which was the computed amount in view of the injuries. This amount has been paid by Beaver Valley Corporation to Priola.
Mr. Priola also claimed vocational rehabilitation benefits under section 25-5-77(c), Code 1975. Section 25-5-77(e), Code 1975, provides in pertinent part as follows:
“If an employee who is unable in the opinion of the treating physician to return to his former employment shall request vocational rehabilitation and if both a vocational rehabilitation specialist and a treating physician, the cost of whose service is the obligation of the employer under this section, shall express their opinions in writing that in the judgment of each of them vocational rehabilitation is reasonably calculated to restore the employee to gainful employment and is in the best interest of the employee, the cost of such rehabilitation shall be borne by the employer. Such cost, where rehabilitation requires residence at or near a facility or institution away from the employee’s customary residence, shall include reasonable charges for the employee’s necessary board, lodging and travel.”
Pursuant to this section of the compensation act, Mr. Priola sought to have Beaver Valley pay the cost of his obtaining both an undergraduate and masters degree in computer science at the University of Alabama in Birmingham. Following an ore tenus hearing, the trial court, sitting without a jury, entered a judgment in favor of Mr. Priola with respect to vocational rehabilitation.
The court awarded Mr. Priola three and one-fourth years of rehabilitation at the cost of $5,480 per year, to be paid by Beaver Valley, while Priola attended the University of Alabama in Birmingham. This figure consisted of $1,460 for tuition and fees, $3,780 for room and board, and $240 for books and supplies.
*406 This award of $17,800 was primarily conditional upon Mr. Priola presenting evidence to Beaver Valley of his enrollment at the University. It is from the trial court’s judgment awarding the employee rehabilitation benefits that Beaver Valley is appealing.
Beaver Valley contends that Priola is already adequately trained in that he has a degree in business, and rehabilitation benefits should not have been granted. Further, Beaver Valley feels that Mr. Priola is not entitled to expenses for board and lodging.
It is well-settled law in Alabama that the workmen’s compensation statutes will be liberally construed to effect their beneficent purposes. Orkin Exterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App.1980). Moreover, it is also well settled in Alabama that where the findings of the trial court are supported by any legal evidence or reasonable inferences therefrom the trial court’s judgment will be upheld on appeal. Loggins v. Mallory Capacitor Co., 344 So.2d 522 (Ala.Civ.App.1977).
Although there are no Alabama cases addressing the specific issues presented in this case, there are cases from other jurisdictions with similar statutes that have dealt with these questions. In Le v. State, 330 N.W.2d 453 (Minn.1983), the Supreme Court of Minnesota held that in order for an injured employee to receive retraining he must show he has suffered a reduction in employability. Mr. Priola, in the present case, produced evidence at trial that he had sought employment at a number of places but was unsuccessful. He contends that the demand for business degrees has substantially declined since his graduation, and since he can no longer perform manual labor he needs to be retrained in order to be employed.
Moreover, Mr. Priola also submitted evidence in the form of the expert testimony of Mr. Charles Wright, a vocational consultant, that it was his recommendation that Mr. Priola receive both an undergraduate and a master’s degree in computer science in order for Mr. Priola to become gainfully employed. Further, Mr. Wright, during a'consultation with Mr. Priola, also determined the costs of tuition, books, housing, and travel that would be incurred while receiving these degrees. These estimates were admitted into evidence as plaintiffs exhibit four. Mr. Thompson, another vocational rehabilitation specialist, testified in effect that Priola’s present education did not make him employable.
Another Minnesota case held that the purpose of the statute that governs retraining benefits for employees who have been determined disabled is to encourage these workers to increase their employability through retraining. Graves v. Glen Lake State Sanitorium, 211 N.W.2d 196 (Minn.1979). In Graves, supra, the court authorized reimbursement for tuition, books, and transportation expenses from an employer in addition to stated weekly retraining benefit amounts.
The Minnesota court stated this about a statute very similar to ours:
“If we misperceive the intent of the legislature, our misperception is subject to legislative re-examination. We must take the statute as we find it and give it a construction consistent with its purpose of encouraging injured workers to increase their employability through retraining.” (Citation omitted.)

Graves, supra.

In Alabama the intent of the legislature in enacting a law must be gleaned from the language of that statute. If the language is unambiguous and its meaning clear, there is no room for construction by a court and the statute must be enforced as written. Custred v. Jefferson County, 360 So.2d 285 (Ala.1978).
The Alabama statute clearly provides that an employee who, in the opinion of the treating physician, is unable to return to his former employment is entitled to vocational rehabilitation benefits if there is evidence from a treating physician and a vocational rehabilitation specialist that vocational rehabilitation is reasonably calculated to restore the employee to gainful employ *407 ment and is in the best interests of the employee. The statute also provides that such benefits where rehabilitation requires residence at or near an institution away from the employee’s customary residence shall include the employee’s necessary board, lodging, and travel.
There is competent evidence in the record that the employee is unable to return to his former employment. Also there is evidence in the record from a treating physician and a vocational rehabilitation specialist that the training in computer science was reasonably calculated to restore the employee to gainful employment and that such training was in the employee’s best interests. In addition, we note that this evidence is uncontradicted.
There also is evidence in the record supportive of the trial court’s award of the sums for tuition and fees, books and supplies, and room and board. Further, there is evidence in the record that the employee had been living with his parents but that he wanted to rent an apartment near the University of Alabama at Birmingham where he would be receiving his training.
We conclude, therefore, that the legislative intent of section 25-5-77(c), Code 1975, is clearly expressed by the language used therein and that we, as noted in Orkin, supra, must give a liberal interpretation to that language.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., dissents.