L. CHARLES WRIGHT, Retired Appellate Judge.
This is a workmen’s compensation case. The only issue presented on appeal is whether the totally disabled claimant is a proper candidate for rehabilitation, which is reasonably calculated to restore him to gainful employment and which is in his best interests. § 25 — 5—77(c), Ala.Code 1975.
The trial court entered findings of fact and conclusions of law. That the claimant has undergone two diskectomy operations on two different areas of his spine, that he continues to have severe constant pain, and that he walks with the aid of crutches and requires the aid of his wife to dress and undress are among the undisputed facts related in the findings of the court.
The employer insists that in spite of these facts and the fact that the claimant is 47 years of age, that he has always been employed as a laborer, and that he completed only the 8th grade, the claimant is reasonably capable of rehabilitation.
Section 25-5-77 provides, in pertinent part, the following:
“(c) If the employer so elects, the employee shall submit to and undergo vocational rehabilitation....
“(d) If an employee refuses, without the consent of the court, to accept vocational rehabilitation at the employer’s request, the refusal shall result in loss of compensation for the period of refusal.
“(e) All disputes with regard to vocational rehabilitation may be submitted to the court for resolution.”
The trial court determined as follows:
“This court, having considered all of the evidence and seeing what it has, is of the opinion that it would not be reasonably appropriate or feasible for the plaintiff to undergo vocational rehabilitation. Vocational rehabilitation would not restore the plaintiff to gainful employment as that term is defined in Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985).”
*503 The supreme court in Ex parte Beaver Valley Corp.[1] stated:
“First, the court must determine if the worker is a proper candidate for vocational rehabilitation....
“It is the trial judge, not the expert witnesses, who is to make these determinations. The testimony of expert witnesses is not binding on the trial court. Even if such testimony is uncontradicted, the weight and sufficiency to be attributed to it are for the trier of fact.”
The trial court, as we have shown, made the determination that vocational rehabilitation was neither appropriate nor feasible for this employee under the evidence. After our examination of the record, this court finds such determination fully supported therein.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

. The author of this opinion, while Presiding Judge of this court, prior to his retirement and subsequent recall to active status, participated by dissent in the case of Beaver Valley Corp. v. Priola, 477 So.2d 404 (Ala.Civ.App.1984). The supreme court, in Ex parte Beaver Valley Corp., subsequently upheld the views expressed in that dissent.